UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 15 0432

FILED
CLERK
2015 JAN 28 PM 3:39
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

---------------------------------------------------------------------X

SEAN DANCY,

Plaintiff,

vs.

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JOHN DOE, 1-5

Defendants.

---------------------------------------------------------------------X

15 Civ.

DEARIE, J.

**COMPLAINT**

**JURY TRIAL DEMANDED**

REYES, M.J

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. The Defendants deprived Plaintiff of his constitutional rights when Defendants used excessive force, caused the unjustifiable arrest and unlawful confinement of Plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

**PARTIES**

4. The Plaintiff, Sean Dancy, was at all times relevant herein a citizen of the United States, and was at all times relevant herein a resident of Brooklyn, New York.

5. New York City Police Officers John Does 1-5 were at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Does are being sued in their individual capacity.

6. At all times relevant herein, the individual Defendants, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual Defendants were each acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

7. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

**STATEMENT OF FACTS**

8. On January 31, 2012, Plaintiff, Sean Dancy, resided at 14 Alice Court, Brooklyn, N.Y.

9. Plaintiff is currently employed full-time at WalMart in Pennsylvania.

10. On January 31, 2012, Plaintiff was hanging out with friends in the neighborhood.

11. During that time, the Police were called to the home because of a disagreement.

12. When they entered the home, Plaintiff immediately laid on the floor so as to not provoke the Officer Defendants.

13. Without telling him why, Officer Defendants handcuffed Plaintiff and carried him into the hallway.

14. Plaintiff demanded to know why he was being arrested, at which point the Officer Defendants were going to take him back in the house. The Officer Defendants did not take him into the house as one them stated that the video cameras were painted over, so they didn't have to worry.

15. The Officer Defendants then began stomping Plaintiff with their feet while he was on the floor.

16. One of the Officer Defendants removed Plaintiff's belt and wrapped it around his hand where he then began to use it to hit Plaintiff.

17. The other Officer Defendants continued to hit and kick Plaintiff while he was on the ground in handcuffs.

18. The Officer Defendants continue to beat Plaintiff on the top stair of the building until he lost conscious.

19. Plaintiff awoke with a sheet around his head.

20. At this time Plaintiff was grabbed by his legs and dragged down the stairs. Plaintiff's head hit each stair as he was dragged to the bottom of the flight.

21. Plaintiff was eventually placed in an ambulance while the sheet remained over his head.

22. Plaintiff was bleeding profusely and couldn't breathe due to the sheet being around his head. Eventually his mother arrived at the hospital and removed the sheet so he could breathe.

23. Plaintiff was eventually treated and then taken to the psych ward at Woodhull Hospital. On information and belief, he was announced sane and did not require psychiatric confinement.

24. Plaintiff sustained substantial injuries at the hands of the Officer Defendants. Plaintiff suffered a dislocated shoulder that still bothers him to this day. Plaintiff had bruising all over his body. Plaintiff's head was so swollen that he could barely see out of his eyes. Plaintiff also sustained cuts and bleeding on his head and mouth.

25. The assault and arrest of Plaintiff were far in excess of the Officer Defendants rightful authority as New York City police officers. The arrest of Plaintiff was unlawfully made without reasonable suspicion or probable cause.

24. In addition to the extensive physical injuries described above, Plaintiff also continues to suffer from ongoing physical pain and experienced and continues to experience psychological pain, suffering, and mental anguish and other losses.

**FIRST CAUSE OF ACTION**

**Violation of Plaintiff's Rights under § 1983, the U.S. Constitution, andthe Fourth and the Fourteenth Amendments**

25. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 24 with the same force and effect as if more fully set forth at length

herein.

26. By reason of the foregoing, when Officer Defendants stomped and beat Plaintiff, and dragged him down the stairs, which caused him to sustain serious injuries, the Officer Defendants used unreasonable and excessive force against Plaintiff and/or failed to prevent other officers from doing so, and thereby deprived Plaintiff of her rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

27. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

28. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

29. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**SECOND CLAIM**
**False Arrest**
**Violation of Plaintiffs Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**

**Negligent Hiring, Retention, Training and Supervision**

34. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

33. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent her unlawful arrest, and prevent the use of excessive and unreasonable force against her.

35. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff, or to those in a like situation, would probably result from this conduct.

36. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

37. Upon information and belief, Defendant City, through the NYPD, knew or should have known through the exercise of reasonable diligence that the Officer Defendants had a propensity to commit the misconduct that caused Plaintiff's injuries.

38. Upon information and belief, Defendant City's negligence in hiring and retaining the Officer Defendants proximately caused Plaintiff's injuries.

## SIXTH CAUSE OF ACTION

### Municipal Liability Claim Against the City of New York For Failure to Properly Hire, Train, Supervise and Discipline Employees

39. The Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause comprised a violation of Plaintiff's civil right to be free of such actions under the Fourth and Fourteenth Amendments to the Constitution.

41. Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of Defendant, the City of New York through the New York City Police Department.

42. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for their use of excessive force against Plaintiff.

43. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of Plaintiff.

44. Under this custom, usage, practice or policy, The City of New York:

(a) encouraged and/or condoned, the use of excessive force, unlawful arrest and detention without probable cause;

(b) encouraged and/or condoned the practice of using excessive force, detaining

individuals without probable cause, and falsely accusing and arresting individuals;

(c) failed to adequately screen applicants to the New York City Police Department;

(d) failed to investigate, the excessive use of force, unlawful arrest and detentions by the New York City Police Department;

(e) failed to provide adequate training to its New York City Police Department regarding the use of force with emotionally disturbed people, the constitutional limits of force with emotionally disturbed people, the proper use of weapons including handcuffs and the proper method of detaining and arresting emotionally disturbed people.

**JURY DEMAND**

45. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $5,000,000 against the individual Defendants, Police Officer John Does 1-5 and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual Defendants, jointly and severally.

a. That the Plaintiff recover the cost of the suit herein, including reasonable

attorneys fees pursuant to 42 U.S.C. §1988.

b. That the Plaintiff have such other and further relief as the Court shall deem just and proper.

DATED: January 27, 2015
New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
LAW OFFICE OF RICHARD P. REYES, P.C.
305 Broadway, 9th Floor
New York, New York 10011
(212) 966-3761
Attorney for Plaintiff