UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK]

CURTIS SEAN DANCY,

                              Plaintiff,

            -against-

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, PO ADAM DUMELLE, PO
RAYMOND WILLIAMS, SGT. TIMOTHY
KORNBLUTH,

                              Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Richard P. Reyes
Attorney for Plaintiff Curtis Sean Dancy
305 Broadway, 9th Floor
New York, NY 10007
(212) 966-3761

Of Counsel:
Ryan Lozar
(310) 867-1562

# Table Of Contents

I.   Statement Of Relevant Facts...................................................................................... 2

   a.   In February 2012 Plaintiff Retained Attorney Neville Mitchell Who, On April 27, 2012, Filed A Notice Of Claim With The City On Plaintiff's Behalf Seeking An Investigation Into The January 31, 2012 Acts Of "Police Officer Williams" And "Police Officers John Doe Numbers 1-12" From The 79th Precinct.......................................................................... 2

   b.   On January 7, 2015, Plaintiff Retained Mr. Reyes After Unsuccessful Attempts To Locate Mr. Mitchell, And Mr. Reyes Filed This Action On Plaintiff's Behalf Against John Doe Defendants In January 2015 Within The Statute Of Limitations ................................................. 3

   c.   On January 30, 2015, Mr. Mitchell Filed A Duplicative Action Addressing The January 31, 2012 Incident On Plaintiff's Behalf Naming "Police Officer Williams" Of The 79th Precinct As A Defendant ........................................................................................................ 5

   d.   On February 20, 2015, Magistrate Judge Reyes Ordered The City Defendant In The Instant Action To Produce Discovery Relating To The John Doe Defendants' Names And Service Addresses, Which Corporation Counsel Did Without Objection; Meanwhile, In Late February 2015, Mr. Reyes Learned About Mr. Mitchell's Lawsuit For The First Time And Again Sought Plaintiff's File From Mr. Mitchell .................................................................. 5

   e.   On June 24, 2015, Having Obtained "John Doe" Discovery From The City Defendant, Plaintiff Amended The Complaint To Name Defendant Williams, Defendant Dumelle And Defendant Kornbluth As The John Doe Defendants ................................................................ 6

II.   Standard Of Review........................................................................................................ 8

   a.   Motion To Dismiss Pursuant To FRCP 12(b)(6)................................................................ 8

   b.   NY CPLR § 1024's Relation-Back Standard Governing Statute Of Limitations Questions When A Plaintiff Amends A Complaint To Name Specific Defendants In Place Of John Doe Defendants ........................................................................................................................ 8

III.   Legal Analysis .............................................................................................................. 10

   a.   Plaintiff's Section 1983 Claims Against Individual Defendants Are Not Time-Barred Because The Second Amended Complaint Relates Back To The Date Of The Original Complaint's Filing Due To Plaintiff's Satisfaction Of The Requirements Of NY CPLR § 1024 ............................................................................................................................. 10

      i.   Plaintiff Exercised Due Diligence, Prior To The Running Of The Statute Of Limitations, To Identify The John Doe Defendants By Name ............................................. 10

ii.     Plaintiff Provided A Sufficient Description Of The John Doe Defendants In Such Form As Fairly Apprised Them That They Were The Intended Defendants ....................... 14

b.  Plaintiff's Section 1983 Claims Against Individual Defendants Are Not Time-Barred Because The City Defendant—An Originally-Named Defendant—Was United In Interest With The John Doe Defendants Such That The Second Amended Complaint's Post-Limitations Naming Of The Individual Defendants Relates Back To The Date Of The Original Complaint's Filing Under NY CPLR § 203(f) ........................................................................ 18

c.  Plaintiff's Allegations Against Individual Defendants Adequately Plead Section 1983 Claims ................................................................................................................................ 20

d.  Plaintiff's Second Amended Complaint Should Relate Back To The Date Of The Original Complaint's Filing Because Defendants Constructively Waived Their Statute Of Limitation Defense By Failing To Object To Magistrate Judge Reyes's February 20, 2015 Order Directing Discovery For The Purpose Of John Doe Defendant Complaint Amendment ......... 23

IV.   Conclusion ...................................................................................................................... 24

**TABLE OF AUTHORITIES**

**Cases**

17 Vista Assoc. v. City of N.Y., 1996 WL 197762 (S.D.N.Y. Apr. 23, 1996) ............................. 16

Allen v. Yonkers v. City of N.Y., 803 F. Supp. 679 (S.D.N.Y. 1992) ......................................... 16

Ashcroft v. Iqbal, 556 U.S. 662 (2009)....................................................................................... 8

Balkum v. Leonard, 65 F. Supp.3d 367 (W.D.N.Y. 2014) ........................................................... 23

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................................... 8

Brown v. Daikin Am. Inc., 756 F.3d 219 (2d Cir. 2014).............................................................. 8

Bumpus v. New York City Transit Authority, 66 A.D.3d 26 (2d Dep't 2009) ............................. 18

Caidor v. Onondaga Cnty., 517 F.3d 601 (2d Cir. 2008) ............................................................ 24

Ceara v. Deacon, 68 F. Supp.3d 402 (S.D.N.Y. 2014) ..................................................... 11, 12, 15

Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Com'n, 768 F.3d 183 (2d
    Cir. 2014) ........................................................................................................................... 8

Doe v. N.Y., 97 F. Supp.3d 5 (E.D.N.Y. 2015)......................................................................... 8, 9

Dooley v. Columbia Presbyterian Med. Ctr., No. 06 Civ 5644, 2009 WL 129941 (S.D.N.Y. Jan.
    16, 2009) ............................................................................................................................. 10

Duncan v. City of N.Y., No. 11 Civ 3901, 2014 WL 3530858 (E.D.N.Y. July 15, 2014).......... 15

Hogan v. Fischer, 738 F.3d 509 (2d Cir. 2013) ............................................................... 8, 9, 13, 15

Holmes-Thompson v. N.Y.C. Transit Auth., 17 Misc.3d 1123(A) (N.Y.Sup. 2007).................. 19

Humbach v. Canon, No. 13 Civ. 2512 (NSR), 2014 WL 6057703 (S.D.N.Y. Nov. 12, 2014).... 22

Hutchinson v. City of N.Y., No. 7 Civ. 841 (RJD) (CLP), 2010 WL 1437925 (E.D.N.Y. Feb. 8,
    2010), adopted by 2010 WL 1438086 (E.D.N.Y. Apr. 9, 2010) ............................................. 17

Jacques v. R.R. Retirement Bd., 736 F.2d 34 (2d Cir. 1984) ...................................................... 16

Kennedy v. City of N.Y., No. 12 Civ 4166 (KPF), 2015 WL 6442237 (S.D.N.Y. Oct. 23, 2015)
    ...................................................................................................................... 13, 15, 17

_Lepore v. Town of Greenburgh_, 120 A.D.3d 1202 (2d Dep't 2014) ............................................ 10

_Maurro v. Lederman_, 795 N.Y.S.2d 867 (Sup. Ct. 2005) ................................................................ 16

_McCoy v. Goord_, 255 F. Supp.2d 233 (S.D.N.Y. 2003) ........................................................... 20, 21

_Minichello v. N. Assurance Co. of Am._, 304 A.D.2d 731 (2d Dep't 2003) ................................. 10

_Moran v. City of N.Y._, No. 11 Civ. 3704 (PKC) (GRB), 2015 WL 1321685 (E.D.N.Y. Mar. 24, 2015) .............................................................................................................................. 12, 14

_Morrison v. Lefevre_, 592 F. Supp. 1052 (S.D.N.Y. 1984) .......................................................... 17

_Noga v. City of Schenactady Police Officers_, 169 F. Supp. 2d 83 (N.D.N.Y. 2001) .................. 19

_Orraca v. McCreery_, No. 4 Civ. 1183 (DNH), 2006 WL 1133254 (N.D.N.Y. Apr. 25, 2006) .... 22

_Pendleton v. City of N.Y._, 44 A.D.3d 733 (2d Dep't 2007) ........................................................ 20

_Reznick v. MTA/Long Island Bus_, 7 A.D.3d 773 (2d Dep't 2004) ............................................ 18

_Scott v. Vill. of Spring Valley_, 577 F. App'x 81 (2d Cir. 2014) ................................................... 8

_Shuttlesworth v. Birmingham_, 394 U.S. 147 (1969) .................................................................... 16

_Smith v. City of N.Y._, 1 F. Supp. 3d 114 (S.D.N.Y. 2013) ........................................................... 9

_Vasconcellos v. City of N.Y._, No. 12 Civ. 8445 (CM), WL 4961441 (S.D.N.Y. Oct. 2, 2014) .. 14

_White v. City of Mount Vernon_, 38 A.D.3d 533 (2d Dep't 2007) ............................................... 19

## Statutes

42 U.S.C. § 1983 ............................................................................................................................ 1

Fed. R. Civ. P. 15(c)(1)(A) .............................................................................................................. 9

N.Y. C.P.L.R. § 1024 ....................................................................................................................... 9

N.Y. C.P.L.R. § 203(f) ................................................................................................................... 18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

CURTIS SEAN DANCY,

                                        Plaintiff,                          15-CV-432 (RJD) (RER)

            -against-

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, PO ADAM DUMELLE, PO
RAYMOND WILLIAMS, SGT. TIMOTHY
KORNBLUTH,

                                        Defendants.
-----------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Curtis Sean Dancy ("Plaintiff") brings this action against, inter alia, Defendant

Defendant Police Officer Adam Dumelle ("Defendant Dumelle"), Defendant Police Officer

Raymond Williams ("Defendant Williams") and Defendant Sergeant Kornbluth ("Defendant

Kornbluth"), alleging that Individual Defendants violated his federal constitutional rights under

42 U.S.C. § 1983 in an incident occurring on January 31, 2012.[1] Docket No. 13. Defendants

have moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming

that Plaintiff's Section 1983 claims against the Individual Defendants are time-barred.[2]

---

[1] Going forward, Plaintiff will refer to these individual defendants collectively as the "Individual Defendants."

[2] Defendants have also moved to dismiss Plaintiff's Monell and state negligence claims against the City of New York and Plaintiff's claims brought against the New York Police Department ("NYPD"). Plaintiff voluntarily withdraws these claims and, as a consequence, does not brief related issues in this response in opposition to Defendants' motion to dismiss.

Plaintiff respectfully requests that the Court **deny** in its entirety Defendants' motion to dismiss and permit Plaintiff to file a Third Amended Complaint containing only Plaintiff's Section 1983 claims against the three Individual Defendants for the reasons stated herein or, in the alternative, convene an evidentiary hearing relating to Plaintiff's due diligence in light of the unique issue regarding his retention of his previous counsel.

## I. Statement Of Relevant Facts

### a. *In February 2012 Plaintiff Retained Attorney Neville Mitchell Who, On April 27, 2012, Filed A Notice Of Claim With The City On Plaintiff's Behalf Seeking An Investigation Into The January 31, 2012 Acts Of "Police Officer Williams" And "Police Officers John Doe Numbers 1-12" From The 79th Precinct*

This lawsuit relates to an incident which occurred on January 31, 2012 in an apartment building located at 37 Kingston Avenue in Kings County, Brooklyn. Docket Nos. 1, 4, 13; Dancy v. City of N.Y., No. 15 Civ. 481 (ARR) (RLM) (E.D.N.Y.) (related case), Docket No. 1 ¶16. On that date, Individual Defendants falsely arrested and used excessive force against Plaintiff. Id. The excessive force included, but was not limited to, Individual Defendants stomping Plaintiff, beating him, covering his head with a sheet and dragging him down a flight of stairs by his feet so that Plaintiff's head hit each of the stairs as he was pulled down. Id.

On February 15, 2012, Plaintiff retained attorney Neville O. Mitchell to represent him in bringing a civil rights claim challenging the January 31, 2012 incident. See Reyes Aff. ¶¶ 3-4, Exh. A.

On or around April 27, 2012, Plaintiff, through his counsel Mr. Mitchell, filed a Notice of Claim ("NOC") relating to the January 31, 2012 incident in which Plaintiff alleged, inter alia, false arrest and excessive force. See Dancy v. City of N.Y., No. 15 Civ. 481 (ARR) (RLM) (E.D.N.Y.) (related case), Docket No. 1 ¶ 12.

In Plaintiff's April 27, 2012 NOC, Plaintiff named various individual police officers as defendants and noted their employment with the 79th Precinct, which is the precinct in which the January 30, 2012 incident occurred. Id. Among the police officers named in Plaintiff's April 27, 2012 NOC was "Police Officer Williams, shield number unknown," of the 79th Precinct. Id. That NOC was served upon the defendants and the defendants neglected to or refused to make any adjustment or payment thereof. Id. ¶ 14.

It is unknown whether the City Defendant conducted any investigation of the NOC allegations at the moment of its April 27, 2012 filing or since.

**b. On January 7, 2015, Plaintiff Retained Mr. Reyes After Unsuccessful Attempts To Locate Mr. Mitchell, And Mr. Reyes Filed This Action On Plaintiff's Behalf Against John Doe Defendants In January 2015 Within The Statute Of Limitations**

In or around November 2013, Plaintiff's mother Cheryl Dancy retained attorney Richard P. Reyes, who is lead counsel in this action, to represent her on an unrelated civil rights matter. Reyes Aff. ¶¶ 6-7. In December 2013, Mr. Reyes filed a NOC on Ms. Dancy's behalf. Id. ¶ 7. Then, in December 2014, Mr. Reyes filed a litigation on Ms. Dancy's behalf in this Court regarding the unrelated civil rights matter. See Dancy v. City of N.Y., No. 14 Civ. 7293 (BMC).

Around the same time Mr. Reyes filed the December 2014 lawsuit, Plaintiff, who lives in Pennsylvania, contacted Mr. Reyes and informed Mr. Reyes that Plaintiff had been unsuccessful in his efforts to get in touch with Mr. Mitchell to find out about the status of his case. Reyes Aff. ¶¶ 9-11.

Ms. Dancy, at Mr. Reyes's and Mr. Dancy's request, visited Mr. Mitchell's building at the address listed on the Mitchell Retainer Agreement but Ms. Dancy was unable to locate Mr. Mitchell there. Id. ¶ 10.

On January 7, 2015, Plaintiff executed a retainer agreement with Mr. Reyes securing Mr. Reyes's representation in connection with the January 31, 2012 incident.  Id. ¶ 11, Exh. B.

Also on January 7, 2015, Mr. Reyes sent a Notice of Substitution of Counsel to Mr. Mitchell requesting Plaintiff's file.  Id. ¶¶ 12-13, Exh. C.  Mr. Reyes sent the letter to Mr. Mitchell at the address listed on the Retainer Agreement despite Ms. Dancy's failure to locate Mr. Mitchell there because Mr. Reyes did not know how exhaustive Ms. Dancy's inquiry at the building was, and because Mr. Reyes corroborated Mr. Mitchell's address at that building through his most current information listed on his Web site and with the New York State Office of Court Administration.  Id. ¶¶ 14-17.

Mr. Reyes did not receive Plaintiff's file in response to his correspondence to Mr. Mitchell before drafting the Original Complaint in this action.  Id. ¶¶ 17-18.  For example, the April 27, 2012 NOC is a document which Mr. Reyes did not have at the moment he drafted the Original Complaint.  Id.  As a result, Mr. Reyes did not know that Mr. Mitchell had named Police Officer Williams, Shield # ___ " of the 79th Precinct as a defendant in the NOC.  Id.

On January 28, 2015, within the three-year statute of limitations governing Section 1983 and related state tort claims arising from the January 31, 2012 false arrest and beating, Plaintiff through his attorney Mr. Reyes filed the Original Complaint in the instant action.  Docket No. 1. Mr. Reyes's Original Complaint named the Individual Defendants as "Police Officer John Does 1-5."  Id.; Docket No. 4 (Jan. 30, 2015 First Amended Complaint with changes unrelated to the John Doe issue).

**c.  On January 30, 2015, Mr. Mitchell Filed A Duplicative Action Addressing The January 31, 2012 Incident On Plaintiff's Behalf Naming "Police Officer Williams" Of The 79th Precinct As A Defendant**

On January 30, 2015, Mr. Mitchell filed a duplicative lawsuit in this District raising claims arising from the January 31, 2012 incident. See Dancy v. City of N.Y., No. 15 Civ. 481 (ARR) (RLM) (E.D.N.Y.) (hereinafter "Dancy II"). Mr. Mitchell did not notify Plaintiff that he had filed Dancy II thus Mr. Reyes was also unaware that it had been filed.

Dancy II, like Plaintiff's April 27, 2012 NOC, named various police officers of the 79th Precinct as defendants including, among others, "Police Officer Williams, Shield # __." Dancy II, No. 15 Civ. 481, Docket No. 1. Service of process in Dancy II was made upon the City defendant but, according to the docket, none of the individual defendants. Id., passim.

**d.  On February 20, 2015, Magistrate Judge Reyes Ordered The City Defendant In The Instant Action To Produce Discovery Relating To The John Doe Defendants' Names And Service Addresses, Which Corporation Counsel Did Without Objection; Meanwhile, In Late February 2015, Mr. Reyes Learned About Mr. Mitchell's Lawsuit For The First Time And Again Sought Plaintiff's File From Mr. Mitchell**

On February 20, 2015, Magistrate Judge Ramon E. Reyes entered an Order in the instant action granting the extension of time and directing the City Defendant to provide Plaintiff with the names, shield numbers and proper service addresses of all Individual Defendants on or before April 29, 2015. Docket Entry 2/20/2015.

At the time of Magistrate Judge Reyes's issuance of his February 20, 2015 Order directing discovery relating to the identities and service addresses of the City's employee police officers, the statute of limitations relating to the January 31, 2012 incident had expired. Corporation Counsel did not object to the Order and produced responsive discovery.

On February 25, 2015, Mr. Reyes learned about <u>Dancy II</u> for the first time during a pretrial conference in Ms. Dancy's litigation before the Hon. Brian M. Cogan when Assistant Corporation Counsel Elissa Beth Jacobs mentioned it to Mr. Reyes.  Reyes Aff. ¶¶ 19-21.  (It is possible that Rhiana Swartz, the Assistant Corporation Counsel in this action, telephoned Mr. Reyes about it just before the conference and that Mr. Reyes had the discussion with Ms. Jacobs having already been informed.  <u>Id.</u>)

In or around early March 2015, Mr. Reyes had the Notice of Substitution of Counsel hand delivered to Mr. Mitchell at the updated address Mr. Mitchell had listed on this Court's docket asking for Plaintiff's file.  <u>Id.</u> ¶ 22.

On April 22, 2015, Mr. Reyes emailed Mr. Mitchell requesting a response to the Notice of Substitution of Counsel and Mr. Mitchell answered that he would withdraw the lawsuit he had filed.  <u>Id.</u> ¶¶ 23-25, Exh. D.[3]  Mr. Mitchell's email did not mention Mr. Reyes's request for Plaintiff's file in the hand delivered Notice of Substitution of Counsel.  <u>Id.</u>

e. *On June 24, 2015, Having Obtained "John Doe" Discovery From The City Defendant, Plaintiff Amended The Complaint To Name Defendant Williams, Defendant Dumelle And Defendant Kornbluth As The John Doe Defendants*

On June 11, 2015, after Mr. Reyes had twice consented to the extension of Corporation Counsel's time to answer so that it could investigate the Complaint, Corporation Counsel filed an answer on behalf of the City Defendant but not the Individual Defendants.  <u>Docket Nos. 7, 10</u>; <u>Docket Entry 4/27/2015</u>.  By that time, Corporation Counsel had complied with Magistrate

---

[3] On September 3, 2015, <u>Dancy II</u> was still an open litigation and, in recognition of the fact that <u>Dancy II</u> was a duplicate of the instant action, the District Court dismissed <u>Dancy II</u> without prejudice.  <u>Id.</u>, <u>Docket Nos. 7, 8</u>.

Judge Reyes's February 20, 2015 Order directing the Parties to engage in discovery relating to the City's employees' identities and service addresses without registering an objection.  See Docket Entry 2/20/2015.

On June 24, 2015, Plaintiff used the John Doe discovery to file a Second Amended Complaint which in relevant part amended the caption to name Defendant Williams, Defendant Dumelle and Defendant Kornbluth as the John Doe Police Officer Defendants.  Docket No. 13. The following week, Plaintiff served all of the Individual Defendants at the 79th Precinct, where they all still worked as they had on January 31, 2012, the date of the alleged false arrest and excessive force.  Docket No. 15; Docket No. 16 (Corporation Counsel alluding to the undersigned's confirmation of the summonses service); Docket No. 23 (Corporation Counsel stating that Plaintiff served the Individual Defendants with the Second Amended Complaint shortly after its filing and before July 8, 2015).

On July 23, 2015, Defendants moved for a pre-motion conference in order to seek permission to file a motion to dismiss this action.  Docket No. 20.  Defendants moved for a stay of discovery pending the Court's resolution of the motion to dismiss, Docket No. 19, which the Court granted, Docket Entry 8/12/2015.

On September 15, 2015, the District Court held the promotion conference and ordered the Parties to submit a proposed briefing schedule.  Docket No. 21.  The Parties did submit the briefing schedule, Docket No. 22, which the District Court so ordered, Docket Entry 9/25/2015.

On October 30, 2015, Corporation Counsel filed a motion to dismiss on behalf of the Individual Defendants.  Docket No. 23.

## II. Standard Of Review

### a. *Motion To Dismiss Pursuant To FRCP 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Doe v. N.Y., 97 F. Supp.3d 5, 10 (E.D.N.Y. 2015) (citing Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d Cir. 2014)). In reviewing the complaint, the Court "accept[s] all well-pleaded allegations in the complaint as true [and] draw[s] all reasonable inferences in the plaintiff's favor." Id. (citing Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Com'n, 768 F.3d 183, 191 (2d Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). However, where plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### b. *NY CPLR § 1024's Relation-Back Standard Governing Statute Of Limitations Questions When A Plaintiff Amends A Complaint To Name Specific Defendants In Place Of John Doe Defendants*

FRCP 15(c)(1)(C) provides a federal standard for when a plaintiff's amendment of a complaint relates back to the original pleading, but it is well-established that FRCP 15(c)(1)(C) does not permit relation back when a plaintiff who lacked knowledge of a John Doe defendant's name at the timely filing of an original complaint later learns the John Doe defendant's actual name and amends the complaint to add it. See Doe, 97 F. Supp.3d at 18 (citing Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013)); see also Scott v. Vill. of Spring Valley, 577 F. App'x 81, 82 (2d Cir. 2014) ("[The plaintiff's] proposed amendment does not correct a mistake of fact

[as required by FRCP 15(c)(1)(C), but rather seeks to add information—the names of the officers involved—that he lacked when he filed the complaint.").

However, FRCP 15(c)(1)(A) does allow for state relation-back standards to permit John Doe amendment under certain circumstances, that law permitting "an amended pleading to relate back when 'the [state] law that provides the applicable statute of limitations allows relation back.'" Doe, 97 F. Supp.3d at 18 (citing Hogan, 738 F.3d at 518); see Fed. R. Civ. P. 15(c)(1)(A).  As New York State law provides the three-year statute of limitations governing the claims in this action, FRCP 15(c)(1)(A) permits the application of New York relation-back law to the statute of limitations question in the instant case. See Smith v. City of N.Y., 1 F. Supp. 3d 114, 118 (S.D.N.Y. 2013).

"New York state law 'provides a more forgiving principle of relation back in the John Doe context, compared to the federal relation back doctrine under [FRCP] 15(c)(1)(C).'" Doe, 97 F. Supp.3d at 18 (citing Hogan, 738 F.3d at 518).  Specifically, New York Civil Practice Law and Rules ("NY CPLR") provides a "special procedure for claims alleged against John Doe defendants." Id.  Codified at NY CPLR § 1024, that special procedure states that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known, if the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024.

Under NY CPLR § 1024, "a complaint relates back where: (1) the plaintiff 'exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name,'

and (2) the plaintiff 'describe[d] the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." Id. (citing Hogan, 738 F.3d at 518-19).

A plaintiff "bears the burden of establishing that 'the case at hand falls within an exception to the limitations period.'" Dooley v. Columbia Presbyterian Med. Ctr., No. 06 Civ. 5644, 2009 WL 129941, at *3 (S.D.N.Y. Jan. 16, 2009) (quoting Minichello v. N. Assurance Co. of Am., 304 A.D.2d 731, 732 (2d Dep't 2003)).

### III. Legal Analysis

#### a. *Plaintiff's Section 1983 Claims Against Individual Defendants Are Not Time-Barred Because The Second Amended Complaint Relates Back To The Date Of The Original Complaint's Filing Due To Plaintiff's Satisfaction Of The Requirements Of NY CPLR § 1024*

##### i. Plaintiff Exercised Due Diligence, Prior To The Running Of The Statute Of Limitations, To Identify The John Doe Defendants By Name

Plaintiff exercised due diligence in attempting to identify the John Doe Defendants by name prior to the running of the statute of limitations, thus satisfying the first factor of NY CPLR § 1024. Plaintiff's diligence is demonstrated by filing the NOC, robust efforts to locate a missing attorney and cure the problem, and use of discovery after his timely filing of this action.[4]

---

[4] In the alternative, Plaintiff has shown a triable issue of fact on that question and respectfully requests an evidentiary hearing in connection with the Court's consideration of Defendants' motion to dismiss. See Lepore v. Town of Greenburgh, 120 A.D.3d 1202, 1204 (2d Dep't 2014) (observing that whether a plaintiff exercised "due diligence" in attempting to identify John Doe defendants may be a triable issue of fact). Defendants' motion has already required some degree of discovery which revealed that Plaintiff's due diligence included efforts to locate his retained counsel whom he had left responsible for identifying the John Doe Defendants as his agent, and which retained counsel later disappeared. In order for the Court to fully weigh whether Plaintiff's efforts to reach his attorney before Plaintiff undertook to independently take steps to identify the John Doe defendants by seeking new counsel were not duly diligent as a matter of law, Plaintiff respectfully argues that a testimonial exploration of the duration and frequency and

In Ceara v. Deacon, 68 F. Supp.3d 402, 409 (S.D.N.Y. 2014), the Southern District discussed what constituted a plaintiff's due diligence in seeking to identify John Doe officers and credited the plaintiff's letter to the Inspector General within the statute of limitations period seeking the names of the officers as due diligence sufficient to meet the first requirement of NY CPLR § 1024's relation-back provision.  Similarly, here, Plaintiff exercised due diligence in identifying the Individual Defendants within the statute of limitations period by filing the April 27, 2012 NOC relating to the incident in question.  It should be noted that Plaintiff's April 27, 2012 NOC listed "Police Officer Williams" and John Doe Defendants of the 79th Precinct as the culpable parties.

Defendants suggest in a footnote when discussing the related case that Plaintiff's naming of "Police Officer Williams" as a defendant is not a meaningful effort to identify the invidual in question because "Williams is a very common last name[.]" Docket No. 23 at 7 n.2 (citing Dancy II, Docket No. 1).  Whether Williams is a common name or not is a red herring on these

---

nature of Plaintiff's efforts is merited.  Plaintiff argues that this case presents an unusual question relative to his retention of an attorney to be diligent for him who later failed.  Knowing the totality of the circumstances, a reasonable jury could plausibly find that a person who hires an attorney to litigate a matter for him/her may thereafter be expected to rely greatly on that attorney to do the "due diligence" that the law requires.  In the event that that attorney falters and the client, a layperson in terms of the steps and duration of litigation and in terms of the frequency and degree of contact and participation an individual should expect to have with his/her lawyer.  The argument that this due diligence question is best left in circumstances where the plaintiff was represented by counsel is stronger when one considers what a reasonable represented party can be expected to undertake on his or her own may depend on, among other factors, (1) whether the individual has any history with civil litigation such that the individual should know better; (2) what the attorney told the individual to expect in terms of frequency and degree of contact and participation; and (3) whether the identification of the John/Jane Doe defendants is viewed as a procedural task at least initially sensibly left to the attorney (for example, is the first step in identification going to take place through police reports produced during discovery, or are the parties already working with a limited universe of officers such that a reasonable person would expect an early presentation of a photo array to proceed).

facts. Defendants cannot in good faith state that it is a poor description of a man to say that he is

a police officer with the last name of Williams who was employed in the 79th Precinct on

Tuesday, January 31, 2012 and who was involved in an arrest at 37 Kingston Avenue, Brooklyn,

which resulted in the individual being taken directly to Woodhull Hospital and not the 79th

Precinct to be treated for physical injuries relating to a police beating. Docket No. 1 ¶¶ 10-28;

see Ceara, 68 F. Supp. 3d at 411 (forgiving the plaintiff his knowledge of the defendant's last

name only in finding that the plaintiff had been duly diligent in identifying the individual).

Thus, Plaintiff cannot be said to have failed to exercise due diligence in attempting to

identify Individual Defendants prior to the expiration of the statute of limitations when Plaintiff

gave the City all of the aforementioned information in the April 27, 2012 NOC asking for an

investigation. Cf. Moran v. City of N.Y., No. 11 Civ. 3704 (PKC) (GRB), 2015 WL 1321685, at

*8 (E.D.N.Y. Mar. 24, 2015) (stating that the plaintiff had not been diligent when the

government responded to the plaintiff's request for an investigation by naming the John Doe

officer).

Plaintiff's due diligence is especially clear with respect to Police Officer Williams, who

was specifically named (albeit without a first name) in the April 27, 2012 NOC, but it is also

demonstrated with respect to Defendant Dumelle and Defendant Kornbluth. Although

Defendant Dumelle and Defendant Kornbluth were named as "John Doe Police Officers" in

Plaintiff's April 27, 2012 NOC, the information Plaintiff provided the City about the incident

was sufficient to enable even the most modest City investigation to identify these men.

Despite Plaintiff's efforts, the City did not convene a hearing pursuant to Section 50-h of

the General Municipal Law to learn more about Plaintiff's NOC or responded substantively to

him. See Dancy II, Docket No. 1 ¶ 13. In Hogan, the Second Circuit found the plaintiff to have

satisfied the due-diligence requirement of NY CPLR § 1024 when, despite the plaintiff's discovery requests to the attorney general's office "as counsel for the named defendants[,] [t]he named defendants, in turn, failed to respond fully to [the plaintiff's] requests." Hogan, 738 F.3d at 519.  Similarly, here, the City's apparent failure to respond to Plaintiff's April 27, 2012 NOC does not reflect upon Plaintiff's due diligence in requesting that the City investigate.

When Plaintiff failed to hear that the City responded and learned from his mother that her unrelated civil rights claim was progressing at a faster clip, Plaintiff attempted to reach his counsel Mr. Mitchell.  When Plaintiff was unable to reach Mr. Mitchell, Plaintiff exercised still more due diligence by recognizing that despite his retention of counsel, he should seek yet another attorney because Plaintiff could not be assured that Mr. Mitchell would meet the statute of limitations.  Plaintiff's awareness of the statute of limitations and his retention of Mr. Reyes as a pinch-hitter for Mr. Mitchell, who had disappeared, demonstrates a level of involvement and initiative that is rare for a party who might have believed it reasonable to rely upon his retained lawyer.  Although Plaintiff filed the lawsuit near the expiration of the statute of limitations against John Doe Defendants, Plaintiff obtained the Individual Defendants' names prior to the Initial Conference and filed the Second Amended Complaint with those names one day after the Initial Conference and served it within a week.[5]  See Kennedy v. City of N.Y., No. 12 Civ. 4166 (KPF), 2015 WL 6442237, at *5 (S.D.N.Y. Oct. 23, 2015) (finding the plaintiff to have exercised due diligence when, through judicial process occurring after the timely filing of the complaint and largely, although not entirely, within the limitations period, the plaintiff diligently sought

---

[5] In addition, and as mentioned above, Plaintiff also filed a complaint in a parallel action addressing this incident—since withdrawn—in which Plaintiff named "Officer Williams, Shield # ___" and John Doe Police Officers of the 79th Precinct.  Dancy II, Docket No. 1.

identification-related discovery from the court and the defendants then amended his pleading accordingly); cf. Moran, 2015 WL 1321685, at *8 (finding that it was not diligent for the plaintiff to delay in amending the pleading after the statute of limitations once the plaintiff had learned the defendants' identities); Vasconcellos v. City of N.Y., No. 12 Civ. 8445 (CM), WL 4961441, at *9 (S.D.N.Y. Oct. 2, 2014) (stating that the plaintiff did not take steps to identify the John Doe Defendants until after the initial conference had been convened).  In addition to that chronology, it should be noted that Plaintiff added the three Individual Defendants' actual names as the John Doe Defendants within five months of filing this lawsuit, as compared to Defendants' nearly three years of inaction from the City's receipt of Plaintiff's NOC, when Defendants are the custodians of the records needed to identify the Individual Defendants.

It should be noted that Defendants' opening brief treats the "due diligence" factor of NY CPLR § 1024 with a single sentence stating in conclusory fashion that "no due diligence was exercised by [P]laintiff to identify police officers who may have been involved." Docket No. 23 at 6.  As Plaintiff has discussed above, Plaintiff has met his burden of showing the Court—with no real contrary argument or legal citation from Defendants—that he exercised due diligence in identifying the Individual Defendants prior to the running of the statute of limitations through filing the April 27, 2012 NOC within three months, by realizing that his attorney had disappeared and acting to secure new counsel to file the lawsuit before the expiration of the statute of limitations and through making expeditious use of the pretrial discovery process.

### ii. Plaintiff Provided A Sufficient Description Of The John Doe Defendants In Such Form As Fairly Apprised Them That They Were The Intended Defendants

Plaintiff also satisfies the second element qualifying him for NY CPLR § 1024 relation back because within the statute of limitations period he described the John Does "in such form as

[would] fairly apprise [them] that [they were] the intended defendant[s]" (hereinafter the "fair-notice factor"). Hogan, 738 F.3d at 519.

First, Plaintiff's NOC and Plaintiff's Original Complaint describe "with particularity the date . . . and location of the alleged . . . incident," which the Second Circuit found to be relevant to NY CPLR § 1024's fair-notice factor. Id.

In addition, and as mentioned above, it is of particular relevance to the Court's consideration of the effectiveness of Plaintiff's description of the John Doe Defendants in this case that the January 31, 2012 beating was so severe, Plaintiff had to be taken directly to Woodhull Hospital for two to three days of medical treatment. Docket No. 1 ¶ 23. It being rare that the police's arrest of an individual would result in such severe physical injuries, even the most modest City inquiry into the incident at the 79th Precinct in response to Plaintiff's April 27, 2012 NOC or this lawsuit would undeniably alert the responsible officers to the fact that they were the ones involved.

Indeed, Defendants do not argue whether and why Plaintiff's description of the incident in question failed to provide sufficient information to allow the three Individual Defendants to recognize themselves in the story had they heard it. See Ceara, 68 F. Supp. 3d at 411; Kennedy, 2015 WL 6442237, at *5 (S.D.N.Y. Oct. 23, 2015) (noting that "courts have found that where a plaintiff provides specific contextual information, that may satisfy the description requirement of [NY CPLR § 1024]"); Duncan v. City of N.Y., No. 11 Civ. 3901, 2014 WL 3530858, at *3 (E.D.N.Y. July 15, 2014) (stating that a defendant was "fairly apprised that he was one of the John Doe defendants" because, among other things, the complaint "made clear that there was an additional unidentified officer whom [the plaintiff] specifically described as having participated" in the assault, which was the conduct the plaintiff attributed to the newly named defendant in the

amended complaint); <u>Maurro v. Lederman</u>, 795 N.Y.S.2d 867, 871 (Sup. Ct. 2005) (holding that

the plaintiff's description of the Jane Doe as "'the physician who treated [the plaintiff] at [the

defendant's] office whose name is fictitious as presently unknown' was sufficient for [the]

purpose" of meeting the fair-notice factor).

Defendants rely on two solitary points without legal citation to support their contention

that Plaintiff has not satisfied the fair-notice factor: "Plaintiff did not . . . provide the location of

the incident. Nor did he provide a physical description of any of the police officers." <u>Docket</u>

<u>No. 23</u> at 7. Neither of these arguments have merit.

First, Plaintiff did provide the location of the incident within the statute of limitations in

his April 27, 2012 NOC. <u>See</u> <u>Dancy II</u>, <u>Docket No. 1</u> ¶ 12 (representing that Plaintiff's April 27,

2012 NOC included, among other things, "the nature of the claim and date of, the time when, the

place where, and the manner in which the claim arose"). In addition, taking together Plaintiff's

Original Complaint in this action and his timely pleading in <u>Dancy II</u>, Plaintiff stated that the

incident occurred at 37 Kingston Avenue, Apt. 2B, Brooklyn, which is near Plaintiff's home at

14 Alice Court, Brooklyn. <u>Docket No. 1</u> ¶¶ 8-11; <u>Dancy II</u>, <u>Docket No. 1</u> ¶ 16.[6]

---

[6] The Court may take judicial notice of Plaintiff's allegations in the related case's pleading—
which addresses the same incident as the instant lawsuit and was only dismissed for being
duplicative—for the purposes of this motion. <u>See</u> <u>Shuttlesworth v. Birmingham</u>, 394 U.S. 147,
157 (1969) (observing judicial notice of the record of related case between the same parties);
<u>Jacques v. R.R. Retirement Bd.</u>, 736 F.2d 34, 40 (2d Cir. 1984) (taking judicial notice of a
pleading and official court record of an inferior court in its jurisdiction in a related case)
(collecting cases); <u>17 Vista Assoc. v. City of N.Y.</u>, 1996 WL 197762, at *3 (S.D.N.Y. Apr. 23,
1996) (taking judicial notice of another court record in the context of a motion to dismiss); <u>Allen</u>
<u>v. Yonkers v. City of N.Y.</u>, 803 F. Supp. 679, 697 n.22 (S.D.N.Y. 1992) (taking judicial notice of
prior action involving some of the same parties).

Second, Defendants' argument that Plaintiff has not satisfied the fair-notice factor of NY CPLR § 1024 because Plaintiff has not described his assailants' appearances fails. A description of a John Doe's appearance is not a <u>sine qua non</u> to satisfying the fair-notice factor. <u>See</u> <u>Kennedy</u>, 2015 WL 6442237, at *5 (rejecting the defendants' argument that the plaintiff failed to meet the fair-notice factor because the plaintiff provided no physical description of the defendants, holding that "physical descriptions are not the only means through which a plaintiff may adequately put an intended defendant on notice"). From a policy standpoint, this is sensible because in certain circumstances, such as this one, a plaintiff cannot describe his/her assailants' appearances by the assailants' own design. <u>See Hutchinson v. City of N.Y.</u>, No. 7 Civ. 841 (RJD) (CLP), 2010 WL 1437925, at *3 (E.D.N.Y. Feb. 8, 2010), adopted by 2010 WL 1438086 (E.D.N.Y. Apr. 9, 2010) (discussing a case in which the court found the plaintiff to have satisfied the fair-notice factor despite delay in naming John Doe defendants when "the defendants' actions prevented [the] plaintiff from discovering the true identities of the proper parties, thus causing the delay in naming them in the case" (citing <u>Morrison v. Lefevre</u>, 592 F. Supp. 1052, 1056 (S.D.N.Y. 1984)).

As in the <u>Morrison</u> case cited by the Court in <u>Hutchinson</u>, here, the Individual Defendants created conditions which caused the delay. Defendants remarked aloud, apparently with relief, that their treatment of Plaintiff would not be captured by video cameras, which were "painted over." <u>Docket No. 1</u> ¶ 14. In addition, at some point during the beating, Plaintiff lost consciousness then Individual Defendants put a bag over Plaintiff's head. <u>Id.</u> ¶¶ 18-19; <u>Kennedy</u>, 2015 WL 6442237, at *5 (noting that the plaintiff's alleged head trauma and period of unconsciousness during the event in question were "conditions that would no doubt bear upon [the plaintiff's] ability to recall some details").

**b.** *Plaintiff's Section 1983 Claims Against Individual Defendants Are Not Time-Barred Because The City Defendant—An Originally-Named Defendant—Was United In Interest With The John Doe Defendants Such That The Second Amended Complaint's Post-Limitations Naming Of The Individual Defendants Relates Back To The Date Of The Original Complaint's Filing Under NY CPLR § 203(f)*

The Second Amended Complaint's naming of the three Individual Defendants as the John Doe Defendants in the Original Complaint also relates back to the Original Complaint's filing under NY CPLR § 203(f).

NY CPLR § 203(f) provides that

> [a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.Y. C.P.L.R. § 203(f).

In <u>Bumpus v. New York City Transit Authority</u>, 66 A.D.3d 26, 34 (2d Dep't 2009), the court noted that "when an originally-named defendant and an unknown 'Jane Doe' party are united in interest, <u>i.e.</u>, employer and employee, the later-identified party may, in some instances, be added to the suit after the statute of limitations has expired pursuant to the 'relation back' doctrine of CPLR § 203(f), based upon post-limitations disclosure of the unknown party's identity."

In <u>Reznick v. MTA/Long Island Bus</u>, 7 A.D.3d 773, 774 (2d Dep't 2004), the court held that the lower court had "properly granted the plaintiff's motion for leave to serve and file an amended summons and a second amended complaint to [add a named defendant] as a defendant instead of "John Doe" because the plaintiff had also sued that individual defendant's employer the MTA/Long Island Bus.  The named employee defendant "was united in interest with his employer, the defendant MTA/Long Island Bus, which was timely served." <u>Id.</u>

18

In <u>White v. City of Mount Vernon</u>, 38 A.D.3d 533, 534 (2d Dep't 2007), the court affirmed the lower court's grant of the plaintiff's motion for leave to amend the complaint to substitute the true names of John Doe defendants.  The <u>White</u> court observed that pursuant to <u>Reznick</u>, the lower court "providently exercised its discretion in granting the plaintiff's motion," and "[t]he [lower court's] exercise of that discretion will not lightly be disturbed." <u>Id.</u> at 533 ("The appellant's claim that the plaintiff's motion should have been denied as time barred is without merit."); <u>see</u> <u>Holmes-Thompson v. N.Y.C. Transit Auth.</u>, 17 Misc.3d 1123(A), at *4 (N.Y.Sup. 2007) ("[T]here is no issue as to timeliness since [the actual defendant whose name the plaintiff had not known prior to the defendant employer's disclosure response] is united in interest with his [defendant] employer, . . . which was timely served."); <u>see</u> <u>also</u> <u>Bumpus</u>, 66 A.D.3d at 34-35 ("[W]hen an originally-named defendant and an unknown 'Jane Doe' party" have an employer-employee relationship, the Jane Doe party may be later identified after the expiration of the statute of limitations pursuant and that amended identification relates back); <u>cf.</u> <u>Noga v. City of Schenactady Police Officers</u>, 169 F. Supp. 2d 83, 92 (N.D.N.Y. 2001) (refusing to allow the plaintiff to substitute the defendant as the John Doe named in the original complaint under New York relation-back doctrine because the plaintiff had presented no argument that the defendant's "interests [were] united with the other defendants other than the fact that both [the defendant] and [one of the other defendants] are . . . police officers," and stating that "[h]aving the same employer is inadequate to establish that [the defendant's] interests were united with the other defendants' interests).

Here, Defendant City of New York was an originally-named Defendant in the Original Complaint and is also the Individual Defendants' employer. <u>Docket No. 1</u> ¶ 5. Thus, insofar as the Second Amended Complaint adds of the Individual Defendants as the John Doe Defendants,

under NY CPLR § 203(f), the Second Amended Complaint's naming of Individual Defendants relates back to the filing of the Original Complaint. "The sine qua non of the relation-back doctrine is notice," and "[w]here the allegations of the original complaint gave the defendants notice of the facts and occurrences giving rise to the new cause of action, the new cause of action may be asserted." Pendleton v. City of N.Y., 44 A.D.3d 733, 736 (2d Dep't 2007). Thus, under the unity and identity of interest theory set forth by Bumpus and the NY CPLR, if the City Defendant knows within the statute of limitations period, as it did here, that three of its 79th Precinct police officer employees are alleged to have been involved in a severe and unjustified beating of an arrestee on a specific date and at a specific location, it stands to reason that all employers and employees united in interest had notice as of that date. Of course, this may not always be true in circumstances in which the City has decided that it has no unity of interest and has chosen not to defend its employees, but in the instant action, the City as the Individual Defendants' employer has apparently not observed such a marked separation of interests as it has undertaken to defend its employees' actions before the Court as demonstrated by its filing of this motion to dismiss.

### c. *Plaintiff's Allegations Against Individual Defendants Adequately Plead Section 1983 Claims*

Defendants argue that the Individual Defendants should be dismissed from this action with a one-sentence statement that "[P]laintiff has not adequately alleged personal involvement by the officers." Docket No. 23 at 5 (citing McCoy v. Goord, 255 F. Supp.2d 233, 258 (S.D.N.Y. 2003)).

To the contrary, Plaintiff has alleged the Individual Defendants' personal involvement as best he can given the circumstances. It is only through fact discovery—for example, photo

arrays and deposition of the Individual Defendants and witnesses—that Plaintiff will be able to pinpoint which of the Individual Defendants committed which particular stomp upon or punch of Plaintiff's body.   At this early stage in discovery, and particularly because the nature of Plaintiff's allegations are, as discussed, <u>supra</u>, that Individual Defendants bagged Plaintiff's head, which had the effect of blinding him to their faces, Plaintiff's allegations that the three "Individual Defendants" were present for and involved in, among other things, Plaintiff's violent beating, is sufficient as a matter of law to permit Plaintiff's Section 1983 claims to survive Defendants' motion to dismiss.  <u>Docket No. 13</u> ¶¶ 10-28.   There are only three Individual Defendants in this action—Defendant Williams, Defendant Dumelle and Defendants Kornbluth. Thus, when the Second Amended Complaint alleges acts by the "Officer Defendants," the Second Amended Complaint is alleging personal involvement in those acts by those three men. These allegations permit the Court to reasonably "infer more than the mere possibility of misconduct" by these Individual Defendants. <u>Iqbal</u>, 556 U.S. at 679.  Furthermore, to the extent that Plaintiff refers to "Individual Defendants" collectively, that is because Plaintiff means that all three Individual Defendants beat and dragged him. <u>Docket No. 13</u> ¶¶ 10-28.

In <u>McCoy v. Goord</u>, 255 F. Supp.2d 233, 258 (S.D.N.Y. 2003), the sole case cited by Defendants to support their argument that Plaintiff has insufficiently pleaded Individual Defendants' personal involvement here, the Southern District of New York held that the plaintiff failed to allege that certain defendants "were personally aware of or involved in any of the alleged constitutional violations."   In contrast, here, Plaintiff alleges the opposite, <u>viz.</u>, that the three Individual Defendants were present, personally aware of <u>and</u> involved in the described acts. <u>Docket No. 13</u> ¶¶ 10-28.

The instant case is much more like Humbach v. Canon, No. 13 Civ. 2512 (NSR), 2014 WL 6057703, at *6 (S.D.N.Y. Nov. 12, 2014), in which the Southern District of New York held that although a Section 1983 plaintiff "must ordinarily describe each individual defendant's involvement in a constitutional violation" to survive a FRCP 12(b)(6) challenge, the excessive force plaintiff in that case "[r]easonably . . . may not know the names of the specific officers who struck blows or wrested [the plaintiff] to the ground."   The Humbach court held that "[u]ltimately, a [FRCP] 12(b)(6) analysis turns on whether the defendants are on fair notice of the specific allegations" because the defendants under certain circumstances "are best-positioned to know which of the officers may have had physical contact with [the plaintiff] and to what degree."   The principles espoused in Humbach should control here to defeat Defendants' complaint that Plaintiff's allegations with respect to the Individual Defendants' personal involvement are too vague.   See Orraca v. McCreery, No. 4 Civ. 1183 (DNH), 2006 WL 1133254, at *6 (N.D.N.Y. Apr. 25, 2006) (finding the plaintiff's allegation that four defendants "are either part of the writing of the [contested] reports or conducted the [contested] hearings . . . or were aware of the harassment and discrimination" revealed a "potential basis for finding their personal involvement in the violations alleged in [the] plaintiff's complaint").

In light of the foregoing, Plaintiff respectfully requests that the Court **deny** Defendants' motion to dismiss on the basis that Plaintiff has failed to sufficiently plead the three Individual Defendants' personal involvement in the January 31, 2012 incident.

***d. Plaintiff's Second Amended Complaint Should Relate Back To The Date Of The Original Complaint's Filing Because Defendants Constructively Waived Their Statute Of Limitation Defense By Failing To Object To Magistrate Judge Reyes's February 20, 2015 Order Directing Discovery For The Purpose Of John Doe Defendant Complaint Amendment***

On February 20, 2015, Magistrate Judge Reyes entered an Order directing the Parties to engage in discovery relating to the Individual Defendants' names and service addresses for the purpose of Plaintiff's amendment of the complaint to add Individual Defendants' names as John Doe Defendants.   Docket Entry 2/20/2015.   Defendants failed to object to the John-Doe-Defendant discovery Order on the grounds that it was meant to facilitate to which complaint amendment to which Defendants objected, waiving Defendants' objection to the discovery and its intended use.   It should be noted that Defendants' current statute-of-limitations defense is premised on the same information that was available to Defendants on February 20, 2015—the date of Magistrate Judge Reyes's Order.

In Balkum v. Leonard, 65 F. Supp.3d 367, 368 (W.D.N.Y. 2014), the Court denied an individual defendants' motion to dismiss the plaintiff's action for failure to identify him as a John Doe defendant within the statute of limitations because, among other things, the defendants in the case failed to respond to the plaintiff's earlier request for additional time to ascertain the identity of John Does and therefore failed to timely raise the statute of limitations argument. Similarly, here, Defendants waived their statute of limitations argument—which is not jurisdictional in nature—when the Court issued its February 20, 2015 Order in furtherance of John Doe Defendant complaint amendment and Defendants failed to object.   Docket Entry 2/20/2015; see Fed. R. Civ. P. 72(a) ("When a [non-dispositive] pretrial matter is referred to a magistrate judge to hear and decide, . . . [a] party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the

order not timely objected to."); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008) (stating that failure to object to a non-dispositive order by a magistrate results in waiver of review of the order).

In the alternative, if Defendants' failure to object to Magistrate Judge Reyes's February 20, 2015 discovery Order did not waive any related statute of limitations defense, Plaintiff respectfully requests permission to file a motion for modest but merited sanctions against Defendants for failing to spare Plaintiff and the Court months of wasted time and resources by raising it in a timely fashion.

## IV. Conclusion

In light of foregoing, Plaintiff respectfully requests that the Court **deny** in its entirety Defendants' motion to dismiss and permit Plaintiff to file a Third Amended Complaint containing the § 1983 claims against the three Individual Defendants for reasons stated herein.

In the alternative, Plaintiff respectfully requests that the Court **deny in part** Defendants' motion to dismiss and permit Plaintiff to file a Third Amended Complaint containing only the Section 1983 claims against Defendant Williams for the reasons stated herein.

DATED:     December 9, 2015
           New York, New York

                           /s
                           Richard P. Reyes
                           The Law Office of Richard P. Reyes
                           305 Broadway, 9th Floor
                           New York, New York 10007
                           Tel: (212) 966-3761

                           Ryan Lozar
                           The Law Office of Ryan Lozar,
                           Tel: (310) 867-1562

                           *Attorneys for Plaintiff*