15-CV-432 (RJD) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CURTIS SEAN DANCY,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, PO Adam Dumelle, PO Raymond Williams, Sgt. Timothy Kornbluth,

                                        Defendants.

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

**Zachary W. Carter**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
100 Church Street
New York, New York  10007
*Of Counsel:  Rhiana Swartz*
*Tel:  (212) 356-2382*
*Matter #:  2015-003908*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CURTIS SEAN DANCY,

                                 Plaintiff,

                                                                                                15-CV-432 (RJD) (RER)

        -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, PO Adam Dumelle, PO
Raymond Williams, Sgt. Timothy Kornbluth,

                                 Defendants.

------------------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

        Defendants City of New York ("City"), New York City Police Department ("NYPD"), Police Officer Adam Dumelle, Police Officer Raymond Williams, and Sergeant Timothy Kornbluth, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### POINT I

### ALL CLAIMS AGAINST DEFENDANTS CITY AND NYPD HAVE BEEN WITHDRAWN AND SHOULD THEREFORE BE DISMISSED

        Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss dated December 9, 2015 ("Pl's Opp.") affirmatively withdraws plaintiff's "Monell and state negligence claims" against defendant City and all claims brought against NYPD. For this

reason, as well as the reasons set forth in Points III and IV of Defendants' Memorandum of Law in Support of Their Motion to Dismiss dated October 30, 2015, the Court should dismiss the Third and Sixth Causes of Action set forth in plaintiff's second Amended Complaint ("SAC") and dismiss defendants City and NYPD from this case.

## POINT II

### CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS DO NOT RELATE BACK TO PRIOR COMPLAINTS AND SHOULD BE DISMISSED

There is no dispute that the individual defendants in this case, Officer Dumelle, Officer Williams, and Sergeant Kornbluth, were not named until the SAC, nearly five months after the running of the applicable statute of limitations. Prior to that filing, the individual defendants were identified only as John Does. Neither New York's CPLR § 1024 nor CPLR § 203(f), nor any other federal or state law, provides a basis for the SAC to relate back.

### A. CPLR § 1024's Diligence and Notice Requirements Have Not Been Met

In order for the SAC to relate back to the prior, timely-filed complaints under CPLR § 1024, plaintiff must show that he (1) exercised due diligence, prior to the running of the statute of limitations, to identify the officers by name, and (2) described the officers in such a way as to fairly appraise them that they were the intended defendants. Hogan v. Fischer, 738 F.3d 509, 519 (2d Cir. 2013). Plaintiff contends that the Hogan requirements have been met, but does not have support to back up this conclusion.

**1. Plaintiff did not use due diligence to identify the officers.**

"Under CPLR § 1024, due diligence requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations expired." Doe v. New York, 97 F. Supp. 3d 5, 19 (E.D.N.Y. 2015) (internal quotation marks and citations

omitted). Plaintiff submits that his "diligence is demonstrated by filing the [Notice of Claim], robust efforts to locate a missing attorney and cure the problem, and use of discovery after his timely filing." (Pl's Opp. 10.) The law does not support him. "New York courts have found the diligence required by [ ] this test when plaintiffs have sought to obtain the identity of the 'John Doe' defendants by, for example, serving letters, discovery requests, or Freedom of Information Law requests, and have provided the court with affidavits detailing such efforts." Gullo v. City of New York, No. 10-CV-8516, 2012 U.S. Dist. LEXIS 189573, at *20 (S.D.N.Y. May 21, 2012) (citing, e.g., Williams v. United States, No. 07-CV-3018, 2010 U.S. Dist. LEXIS 25102, at *39-40 (S.D.N.Y. Feb. 35, 2010); Wilson v. City of New York, No. 03-CV-2495, 2006 U.S. Dist. LEXIS 62600, at *10-11 (S.D.N.Y. Aug. 31, 2006)); see also Vasconcellos v. City of New York, No. 12-CV-844, 2014 U.S. Dist. LEXIS 143429, at *9 (S.D.N.Y. Oct. 2, 2014) (noting that a Valentin demand could have been made); see generally Olivo v. City of New York, No. 14-CV-4966 (ERK), 2015 U.S. Dist. LEXIS 101957, at **11-12 (E.D.N.Y. Aug. 4, 2015) (listing cases). Plaintiff did not take any such steps. Plaintiff in fact did nothing to discover the identities of the officers involved in the alleged incident. He did not make even one request to the City or NYPD officials or to the Court to assist with identification or to allow him more time to do so.

Plaintiff's 2012 Notice of Claim cannot be fairly characterized as an effort to identify defendants. As a threshold issue, the Court should not consider the Notice of Claim as it was not referenced or incorporated in plaintiff's SAC and is therefore outside the pleadings. See, e.g., Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-55 (2d Cir. 2006) ("We do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim."). Moreover, rather than proof of diligence, the Notice of Claim was exactly what

3

it sounds like—a formal notice that plaintiff is asserting a claim and demand against the City. Plaintiff cites no authority for the proposition that a Notice of Claim is demonstrative of diligence in the CPLR § 1024 context. To the contrary, the only published cases to address the issue of diligence under CPLR § 1024 when there was a Notice of Claim found insufficient diligence to warrant relation-back. Olivo v. City of New York, No. 14-CV-4966 (ERK), 2015 U.S. Dist. LEXIS 101957, at **13-14 (E.D.N.Y. Aug. 4, 2015); Fisher v. County of Nassau, No. 10-CV-0677 (JS)(ETB), 2011 U.S. Dist. LEXIS 118269, at **2-3, 13-14 (E.D.N.Y. Oct. 13, 2011); see also Hutchinson v. City of New York, No. 07-CV-841 (RJD) (CLP), 2010 U.S. Dist. LEXIS 35446, at **8-9 (E.D.N.Y. Feb. 8, 2010) (refusing to allow claims to relate back even when the newly-named parties were named in a Notice of Claim, but not explicitly addressing CPLR § 1024).

Plaintiff's purported efforts to locate his former counsel and "acting to secure new counsel" similarly have no bearing on the diligence analysis. New York's Appellate Division has found "interim change of attorneys was irrelevant [to relation-back analysis under CPLR § 1024] even if new counsel responded diligently in face of a critical situation caused by prior counsel's neglect." Fountain v. Ocean View II Assocs., L.P., 266 A.D.2d 339, 340 (2d Dep't 1999). In any event, plaintiff's retainer agreement with Mr. Reyes (Pl. Ex. B), dated January 7, 2015, demonstrates that time existed prior to the running of the statute of limitations for Mr. Reyes to pursue identification, but he did not. Inaction by counsel—previous or current—is not a sign of diligence.

Finally, plaintiff's statement that he made "expeditious use of the pretrial discovery process" is conclusory and wholly inaccurate. He points to no acts performed to this end. In fact, plaintiff made no use of the Court or its discovery processes to identify the officers.

4

Plaintiff points instead to Magistrate Judge Reyes's February 20, 2015 Order regarding identification (which had nothing to do with the involvement of "John Doe" officers or a lapsing statute of limitations). Plaintiff should not be credited with the Court's customary order. Moreover, that Order was issued after the statute of limitations had run.

Plaintiff was far from diligent in pursuing identification. He never requested that the City identify officers involved and never used any of the other myriad ways of obtaining such information—certainly not prior to the running of the statute of limitations and not subsequently either. Moreover, from the Notice of Claim it seems plaintiff had some knowledge regarding the names of officers involved but those names were not used in the filing of the instant case. With zero acts of diligence on this issue in the record, plaintiff has not even come close to satisfying CPLR § 1024.[1]

## 2. Plaintiff also did not sufficiently identify the officers prior to the SAC.

Plaintiff also fails to satisfy the second requirement of CPLR § 1024, the notice requirement. While it is true that contextual and not just physical descriptions can satisfy this prong, plaintiff's description does not pass muster. Most importantly, plaintiff's complaints in this case failed to even identify the location of the incident or an approximate time of occurrence. In addition, plaintiff asserted that he was arrested, which turned out not to be the case. There was simply no way for the City to be on notice of who plaintiff was attempting to sue and no way the officers themselves could have known.

---

[1] In footnote 4 of Pl's Opp., plaintiff requests an evidentiary hearing on this issue. No hearing on is necessary. Absolutely no diligence as to identification has been alleged prior or after the running of the statute of limitations. Plaintiff's request for a hearing seems to relate only to his efforts to reach his former counsel over a period of less than one month—those efforts are irrelevant and not in dispute.

To the extent plaintiff wishes to rely on the Notice of Claim to establish notice under CPLR § 1024, and to the extent the Court will consider the Notice of Claim even though it is outside the pleadings and plaintiff has offered no authority for its consideration in this context, it is significant that different officers were named in the Notice of Claim than were named in the instant SAC. The only exception is "Police Officer Williams." Without a first name or shield number, it was not possible for the City to know who this was. To confuse matters even more, plaintiff's original complaint was filed under a different name than the Notice of Claim and the later-filed Dancy II—Sean Dancy rather than Curtis Dancy. Plaintiff has simply not met his burden to show that notice was sufficient.

### B. CPLR § 203(f) Does Not Apply Here

Plaintiff also argues that CPLR § 203(f) provides a basis for the SAC to relate back. (Pl's Opp. 18-20.) Under § 203(f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." Plaintiff is incorrect that this provision applies to this case.

"New York courts have held [ ] that a plaintiff may not add a new defendant under [this] section unless 'the new party knew or should have known that, but for an *excusable mistake* by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'" Vasconcellos v. City of New York, No. 12-CV-8445 (CM), 2014 U.S. Dist. LEXIS 143429, at \*\*16-17 (S.D.N.Y. Oct. 2, 2014) (emphasis in original) (citing Malament v. Vasap Constr. Corp., 285 A.D.2d 584, 728 N.Y.S.2d 381, 381 (App. Div. 2001) (additional citations omitted); see also Doe v. New York, 97 F. Supp. 3d 5, 21 (E.D.N.Y. 2015).

6

"This requirement closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." Id. For the reasons discussed in defendants' opening memorandum, plaintiff does not satisfy FRCP 15(c)(1)(C); for the same reasons, he also fails to satisfy that rule's state law corollary. See id.

## POINT III

### THE INDIVIDUAL DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE WAS NEVER WAIVED

In receiving and responding to Magistrate Judge Reyes' February 20, 2015 Order to produce the names and service addresses of officers involved in the incident alleged in plaintiff's complaint, defendant City did not waive any statute of limitations defense on behalf of the officer defendants. As a threshold issue, at the time defendant City complied with that Order, Officer Dumelle, Officer Williams, and Sergeant Kornbluth were not parties to this action and were not represented by counsel. They had not yet even been named as defendants. Therefore, no act by defendant City could affect their defenses. Even if the officers had been represented by the same counsel as the City at that time, responding to the Court's Order could not waive that defense. See, e.g., Olivo v. City of New York, No. 14-CV-4966 (ERK), 2015 U.S. Dist. LEXIS 101957 (E.D.N.Y. Aug. 4, 2015) (relation-back was inappropriate and complaint was dismissed even after defendants responded to a magistrate judge's Order, after the running of the statute of limitations, to identify officers involved in the incident). The officer defendants' statute of limitations defense raised herein was not waived, was timely raised, and is grounds for dismissal.

## POINT VI

### SANCTIONS ON DEFENDANTS ARE NOT WARRANTED

Plaintiff asks the Court for permission to file a motion for sanctions against defendants "failing to spare Plaintiff and the Court months of wasted time and resources by not

7

raising [the statute of limitations issue] in a timely fashion." (Pl's Opp. 24.)  There is no support for such a motion in fact or in law.  The statute of limitations issue was discussed at the Initial Conference before Magistrate Judge Reyes, and defendants timely filed a pre-motion letter with the Court in accordance with the Individual Rules of the Honorable Raymond J. Dearie.  We respectfully request that the Court warn plaintiff that frivolous motions for sanctions are themselves sanctionable.  See, e.g., Fisher v. County of Nassau, No. 10-CV-0677, 2011 U.S. Dist. LEXIS 118269, at * 15 (E.D.N.Y. Oct. 13, 2011) (citing Homer v. Halbritter, 158 F.R.D. 236, 238 (N.D.N.Y. 1994)).

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in their opening memorandum, defendants City of New York, NYPD, Officer Dumelle, Officer Williams, and Sergeant Kornbluth respectfully request that the Court grant their motion to dismiss the SAC in its entirety, and dismiss this case with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated: December 23, 2015
New York, New York

> Zachary W. Carter
> Corporation Counsel of the City of New York
> *Attorney for Defendants City, NYPD, Dumelle,*
>     *Williams, & Kornbluth*
> 100 Church Street
> New York, New York 10007
> (212) 356-2382

By:     /s/
> Rhiana Swartz
> Senior Counsel
> Special Federal Litigation Division

To: Ryan Lozar, Esq. (by ECF)
      Richard Reyes, Esq. (by ECF)
      *Attorneys for Plaintiff*