UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
CURTIS SEAN DANCY,

                     Plaintiff,

     - against -

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, PO ADAM
DUMELLE, PO RAYMOND WILLIAMS, SGT.
TIMOTHY KORNBLUTH,

                     Defendants.
----------------------------------------------------------------- x

**MEMORANDUM OF DECISION**

15 CV 432 (RJD) (RER)

DEARIE, District Judge:

        Plaintiff Curtis Sean Dancy brings this action against the City of New York (the "City"), the New York City Police Department (the "NYPD"), and three individually-named members of the NYPD (the "Individual Defendants") pursuant to 42 U.S.C. § 1983.  Plaintiff's lawsuit relates to an incident that occurred on January 31, 2012, during which the Individual Defendants are alleged to have falsely arrested plaintiff and used excessive force against him.  Defendants move to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has since withdrawn his claims against the City and the NYPD.

        This Court issued an Order on September 30, 2016, granting defendants' motion with respect to plaintiff's claims against the City and the NYPD, denying defendants' motion with respect to plaintiff's claims against the Individual Defendants, and stating that this memorandum of decision would follow.

## BACKGROUND

Plaintiff alleges the following:

On January 31, 2012, plaintiff was at a friend's home in Brooklyn when police officers "were called to the home because of a disagreement." Am. Compl. ("Second Amended Complaint") ¶¶ 10, 12-13, June 24, 2015, ECF No. 13. Without explanation, the officers handcuffed plaintiff, carried him into the hallway, and severely beat him. Id. ¶¶ 15-20. The officers "stomp[ed] Plaintiff with their feet while he was on the floor," "removed Plaintiff's belt and . . . use[d] it to hit Plaintiff," "hit and kick[ed] Plaintiff while he was on the ground in handcuffs," and "beat Plaintiff on the top stair of the building until he lost conscious[ness]." Id. ¶¶ 17-20. Before this assault began, one of the officers stated that he and his colleagues "didn't have to worry" because "the video cameras were painted over." Id. ¶ 16.

Plaintiff awoke with a sheet wrapped around his head, before being dragged down the stairs by the officers and placed in an ambulance. Id. ¶¶ 21-23. Plaintiff was taken to Woodhull Hospital, treated, transferred to the psych ward, and eventually released without being charged. Id. ¶ 25; Letter from Rhiana Swartz to Magistrate Judge Reyes, April 24, 2015, ECF No. 10 (stating that plaintiff was not arrested in connection with the incident alleged in the complaint). Plaintiff claims serious physical and psychological injuries as a result of the encounter, including a dislocated shoulder, bruising, swelling of his face, cuts on his head and mouth, and pain, suffering, and mental anguish. Second Amended Complaint ¶¶ 24, 26, 28.

On February 15, 2012, plaintiff retained attorney Neville O. Mitchell to represent him in bringing a civil rights claim related to the incident. Pl.'s Mem. Law Opp'n Defs.' Mot. Dismiss ("Pl.'s Mem.") at 2, ECF No. 30. On April 27, 2012, plaintiff, through Mr. Mitchell, filed and served a Notice of Claim ("NOC"), alleging false arrest and excessive force. Id. at 2. In the

2

NOC, plaintiff named various individual police officers, including "Police Officer Williams," as defendants, and he noted their employment with the NYPD's 79th Precinct—where the incident allegedly occurred. Id. at 3.

Nearly three years later, around December 2014, plaintiff contacted his present attorney, Richard P. Reyes—who was at the time handling an unrelated matter for plaintiff's mother—and informed him that plaintiff had been unsuccessful in his efforts to get in touch with Mr. Mitchell to check on the status of his case. Id. Plaintiff told Mr. Reyes that his efforts to reach Mr. Mitchell in the "final months of 2014 included repeated telephone calls." Decl. of Richard P. Reyes ¶ 10, ECF No. 30-1. Plaintiff also told Mr. Reyes that he had asked his mother to visit the address listed on Mr. Mitchell's retainer agreement, but Mrs. Dancy had been unsuccessful in locating Mr. Mitchell at that address. Id.

On January 7, 2015, plaintiff executed a retainer agreement with Mr. Reyes. Pl.'s Mem. at 4. That same day, Mr. Reyes sent a Notice of Substitution of Counsel, in which he requested plaintiff's file, to Mr. Mitchell at the same address listed on the retainer agreement. Id. Mr. Reyes did not receive any response from Mr. Mitchell. Id.

On January 28, 2015, three days before the governing three-year statute of limitations expired, plaintiff, through Mr. Reyes, filed his initial complaint in this action. Compl. ("Original Complaint"), Jan. 28, 2015, ECF No. 1. The Original Complaint was brought against the City, the NYPD, and five "John Doe" police officers, alleging four causes of action: (1) excessive force under § 1983 against the individual officers; (2) false arrest under § 1983 against the individual officers; (3) negligent hiring, retention, training, and supervision against the City and

3

the NYPD; and (4) municipal liability against the City.[1] Id. at 4-8. Two days later, on January 30, 2015, plaintiff, through Mr. Reyes, amended the complaint to change plaintiff's name from "Sean Dancy" to "Curtis Sean Dancy." Am. Compl. ("First Amended Complaint"), Jan. 30, 2015, ECF No. 4.

That same day, January 30, 2015, Mr. Mitchell filed a duplicative lawsuit in this District on plaintiff's behalf—but without notifying plaintiff or Mr. Reyes. Dancy v. City of New York, 15-cv-481 (ARR) (RLM) (E.D.N.Y.) (hereinafter "Dancy II"); see also Pl.'s Mem. at 5. The complaint in Dancy II brought claims similar to those brought here, but the complaint in that action also named various individual police officers as defendants, including "Police Officer Williams, Shield # __." Compl., Dancy II, ECF No. 1.[2]

On February 20, 2015, Magistrate Judge Reyes directed the City to provide plaintiff with the names, shield numbers, and proper service addresses of the Individual Defendants on or before April 29, 2015. Docket Entry dated Feb. 20, 2015. Defense counsel did not object and produced responsive discovery. Pl.'s Mem. at 5.

On June 24, 2015, nearly five months after the three-year statute of limitations expired, plaintiff filed his Second Amended Complaint, which amended the action's caption to name Police Officer Adam Dumelle, Police Officer Raymond Williams, and Sergeant Timothy

---

[1] The fourth cause of action is mislabeled the "sixth" cause of action. Original Complaint at 7; First Amended Complaint at 7; Second Amended Complaint at 7.

[2] Mr. Reyes first learned about Dancy II on February 25, 2015. Pl.'s Mem. at 6. In early March 2015, Mr. Reyes had the Notice of Substitution of Counsel hand-delivered to the updated address that Mr. Mitchell had listed on this Court's docket, and on April 22, 2015, Mr. Reyes emailed Mr. Mitchell requesting a response. Id. Mr. Mitchell responded that same day, stating that he would withdraw the duplicative Dancy II lawsuit. Id. at 6, Ex. D. Mr. Mitchell took no action, however, and Dancy II was eventually dismissed without prejudice by Judge Ross on September 3, 2015. Id. at 6 n.3; Order Adopting R. & R., Dancy II, ECF No. 7.

Kornbluth as the Individual Defendants, in place of the earlier John Doe defendants. Second Amended Complaint; Pl.'s Mem. at 7. The following week, plaintiff served the Individual Defendants at the 79th Precinct. Pl.'s Mem. at 7.

Defendants moved to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mem. Law Supp. Their Mot. Dismiss ("Defs.' Mem."), ECF No. 29-1. This Court issued an Order on September 30, 2016, ECF No. 38, granting defendants' motion with respect to plaintiff's claims against the City and the NYPD and denying defendants' motion with respect to plaintiff's claims against the Individual Defendants.

## DISCUSSION

Plaintiff has withdrawn his claims against the City and the NYPD. See Pl.'s Mem. at 1 n.2. The claims still at issue, therefore, are plaintiff's excessive force and false arrest claims against the Individual Defendants. Defendants' response to plaintiff's serious allegations of misconduct is to move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that (1) the claims are time-barred and (2) plaintiff has not adequately alleged the personal involvement of the Individual Defendants. Defs.' Mem. at 4-7; Defs.' Reply Mem. Law Further Supp. Their Mot. Dismiss ("Defs.' Reply") at 2-7, ECF No. 31. For the reasons discussed below, the Court rejects these arguments and denies defendants' motion to dismiss with respect to plaintiff's claims against the Individual Defendants.[3]

---

[3] Plaintiff asks the Court to permit him to file a Third Amended Complaint containing only the § 1983 claims against the Individual Defendants. Pl.'s Mem. at 2, 24. In the alternative, plaintiff requests that the Court either (a) permit plaintiff to file a Third Amended Complaint containing only the § 1983 claims against defendant Williams, id. at 24, or (b) convene an evidentiary hearing relating to plaintiff's efforts to timely identify the Individual Defendants. Id. at 2, 10 n.4. Given the Court's ruling herein, neither the filing of a Third Amended Complaint nor an evidentiary hearing is necessary. If plaintiff wishes to file a Third Amended Complaint containing only the § 1983 claims against the Individual Defendants, however, he is free to do so.

I.   Statute of Limitations

"The statute of limitations applicable to claims brought under [§] 1983 in New York is three years." Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004). Plaintiff's claims accrued on the date of the incident, January 31, 2012. Therefore, the limitations period expired on January 31, 2015. Although the Original Complaint was filed just before that deadline, the Second Amended Complaint—which was the first to name the Individual Defendants—was not filed until June 24, 2015, nearly five months after the limitations period expired.

Plaintiff argues that the claims against the Individual Defendants are nevertheless not time-barred because (a) the Second Amended Complaint *relates back* to the date of the Original Complaint under Federal Rule of Civil Procedure 15(c)(1) and state law, Pl.'s Mem. at 8-20, and (b) because defendants constructively waived their statute of limitations defense by failing to object to Magistrate Judge Reyes' February 20, 2015, order directing discovery. Pl.'s Mem. at 23-24. In making these arguments, "plaintiff bears the burden of establishing that 'the case at hand falls within an exception to the limitations period.'" Dooley v. Columbia Presbyterian Med. Ctr., No. 06-cv-5644 (JCF), 2009 WL 129941, at *3 (S.D.N.Y. Jan 16, 2009) (quoting Minichello v. N. Assurance Co. of Am., 758 N.Y.S.2d 669, 670 (App. Div. 2003)).

The Court finds that plaintiff qualifies for relation back under Rule 15(c)(1). Therefore, plaintiff's claims against the Individual Defendants are not time-barred, and the Court need not address whether defendants' constructively waived their statute of limitations defense.

A.   Relation Back under Rule 15(c)(1)

Federal Rule of Civil Procedure 15(c)(1) governs when "[a]n amendment to a pleading relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). Plaintiff acknowledges that Rule 15(c)(1)(C), which "provides the federal standard for relation back,"

6

Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013), does not permit relation back here. See Pl.'s Mem. at 8-9; Doe v. New York, 97 F. Supp. 3d 5, 18 (E.D.N.Y. 2015) ("'[L]ack of knowledge of a John Doe defendant's name does not constitute a mistake of identity' [as required under Rule 15(c)(1)(C)(ii)]. Therefore, plaintiff's claims in the Third Amended Complaint against the Newly–Named Defendants cannot relate back to the original pleading under Rule 15(c)(1)(C)." (citations omitted) (quoting Hogan, 738 F.3d at 518)).

"However, even where a plaintiff's claims do not relate back under Rule 15(c)(1)(C), the Second Circuit has held that 'Rule 15(c)(1)(A) permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back.'" Doe, 97 F. Supp. 3d at 18 (quoting Hogan, 738 F.3d at 518). Here, New York state law provides the applicable statute of limitations. Thus, Rule 15(c)(1)(A) permits the application of New York relation-back law to the instant case.

B.  Relation Back under New York Law

New York law "provides a more forgiving principle of relation back in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C)." Hogan, 738 F.3d at 518 (internal quotation marks omitted). Specifically, under Section 1024 of the New York Civil Practice Law and Rules ("C.P.L.R."), an amended complaint relates back where (1) the plaintiff "'exercise[s] due diligence, prior to the running of the statute of limitations, to identify the defendant by name'"; and (2) the plaintiff "describe[s] the John Doe party 'in such form as will fairly apprise the party that he is the intended defendant.'" Hogan, 738 F.3d at 519

7

(quoting Bumpus v. N.Y.C. Transit Auth., 883 N.Y.S.2d 99, 104 (App. Div. 2009)). Here, plaintiff has met both requirements.[4]

### 1. *Diligence*

As noted, in order to invoke § 1024, plaintiff must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Hogan, 738 F.3d at 519 (quoting Bumpus, 883 N.Y.S.2d at 104). "Due diligence in this context requires that a plaintiff 'show that he or she made timely efforts to identify the correct party before the statute of limitations expired.'" Strada, 2014 WL 3490306, at *5 (quoting Justin v. Orshan, 788 N.Y.S.2d 407, 408 (App. Div. 2005)).

In his opposition papers, plaintiff points to several actions that allegedly demonstrate his diligence here. Pl.'s Mem. at 10-14. First, plaintiff highlights that he filed the NOC within months of the incident—well within the statute of limitations period—and he notes that the document named Police Officer Williams and John Doe defendants of the 79th Precinct as defendants and provided a description of the incident. Id.[5] Plaintiff argues that his diligence is "especially clear with respect to Police Officer Williams, who was specifically named (albeit without a first name) in the April 27, 2012 NOC," but he asserts that his diligence is also demonstrated with respect to the other Individual Defendants because "the information Plaintiff

---

[4] Plaintiff also argues that the Second Amended Complaint relates back to the date of the Original Complaint pursuant to C.P.L.R. § 203(f). Pl.'s Mem. at 18-20. Given that the Court finds that plaintiff qualifies for relation back pursuant to § 1024, the Court need not address this alternative argument.

[5] Plaintiff notes that the complaint filed in Dancy II similarly named Officer Williams and John Doe defendants of the 79th Precinct as defendants. See Pl.'s Mem. at 13 n.5. It appears, however, that Officer Williams was never served in Dancy II. See Affirmation Att'y Ryan Lozar Supp. Pl.'s Opp'n Defs.' Mot. Dismiss ("Lozar Affirmation") ¶ 17, ECF No. 34-1.

provided the City about the incident was sufficient to enable even the most modest City investigation to identify these men." Id. at 12.

Second, plaintiff argues that when Mr. Mitchell "disappeared," id. at 14, plaintiff demonstrated "robust efforts to locate [the] missing attorney and cure the problem," id. at 14, and ultimately "act[ed] to secure new counsel to file the lawsuit before the expiration of the statute of limitations." Id. at 14. Plaintiff argues that his "awareness of the statute of limitations and his retention of Mr. Reyes as a pinch-hitter for Mr. Mitchell, who had disappeared, demonstrates a level of involvement and initiative that is rare for a party who might have believed it reasonable to rely upon his retained lawyer." Id. at 13.

And third, plaintiff asserts that he made "expeditious use of the pretrial discovery process," id. at 14, after "his timely filing of this action." Id. at 10. Specifically, plaintiff notes that he "obtained the Individual Defendants' names prior to the Initial Conference and filed the Second Amended Complaint with those names one day after the Initial Conference and served it within a week." Id. at 13.

Following oral argument, this Court gave plaintiff an opportunity to "supplement his opposition papers . . . with additional information regarding the due diligence exercised by plaintiff, Mr. Richard Reyes, or Mr. Neville Mitchell, prior to the running of the statute of limitations, to identify the individual defendants by name." Electronic Order dated Apr. 15, 2016. In response, attorney Ryan Lozar, co-counsel to Mr. Reyes, filed an affirmation on May 16, 2016, in which he "provide[d] the Court with heretofore unknown facts relating to Mr. Mitchell's diligent efforts to identify the Individual Defendants within the statute of limitations." Letter from Ryan Lozar to Judge Raymond J. Dearie ("Lozar Letter"), May 16, 2016, ECF No. 34. Mr. Lozar stated that he learned such facts during a meeting with Mr. Mitchell on May 9,

2016, noting that he and Mr. Reyes had previously been unsuccessful in their attempts to reach Mr. Mitchell. Id.

Mr. Lozar recounted that prior to the running of the statute of limitations, Mr. Mitchell took the following actions to identify the individual defendants: (1) as previously noted, he filed the NOC on April 27, 2012; (2) he (along with Mr. Dancy and Mrs. Dancy) sought out and consulted various documents created in connection with Mr. Dancy's medical treatment following the incident, including a New York City Fire Department Prehospital Care Report (which states that an NYPD officer with Shield No. 2040 was involved) and Woodhull Medical and Mental Health Center medical records (which state that NYPD Officer Stockpole, Shield No. 2464 from the 79th Precinct, was involved); (3) he consulted written statements from two individuals who witnessed the incident, one of whom stated that Officer Williams was among the officers involved; (4) he conducted a search for Officer Williams on SeeThroughNY, a website "dedicated to government payroll transparency," which returned voluminous search results and was of little assistance. See Lozar Affirmation §§ 8-16.[6]

Defendants respond that while "'New York Courts have found the diligence [requirement met] . . . when plaintiffs have . . . , for example, serv[ed] letters, discovery requests, or Freedom of Information Law requests,' . . . [p]laintiff did not take any such steps." Defs.' Reply at 3 (quoting Gullo v. City of New York, No. 10-cv-8516 (BSJ) (DF), 2012 U.S. Dist. LEXIS

---

[6] Mr. Lozar also notified the Court that during his May 9, 2016, meeting with Mr. Mitchell, he became aware of a "personal issue" that explained why plaintiff was unable to contact Mr. Mitchell in late 2014 and early 2015. Lozar Letter at 2 n.1. Mr. Lozar stated, "I believe that the personal issue may provide an alternate, heretofore unexplored basis for Plaintiff to contest Defendants' statute of limitations pleading under New York C.P.L.R. §§ 2005, 3012(d)." Id. Mr. Lozar requested that plaintiff "be permitted an opportunity to be heard on this separate question if the Court is disinclined to rule in [plaintiff's] favor on the due diligence question." Id. Given the Court's ruling herein, it is unnecessary to delve deeper into the "personal issue."

10

189573, at *20 (S.D.N.Y. May 21, 2012)). Defendants argue that "[p]laintiff in fact did nothing to discover the identities of the officers involved in the alleged incident." Id. "[Plaintiff] did not make even one request to the City or NYPD officials or to the Court to assist with identification or to allow him more time to do so." Id.

Regarding the NOC, defendants argue that not only is it outside the pleadings, it also "cannot be fairly characterized as an effort to identify defendants." Id. Rather, defendants argue, the NOC is merely a "formal notice that plaintiff is asserting a claim and demand against the City," and "[p]laintiff cites no authority for the proposition that a Notice of Claim is demonstrative of diligence in the CPLR § 1024 context." Id. at 4; see also Olivo v. City of New York, No. 14-cv-4966 (ERK), 2015 U.S. Dist. LEXIS 101957 (E.D.N.Y. Aug. 4, 2015) (finding that plaintiff did not exercise due diligence in identifying the defendants by name, despite having allegedly filed a notice of claim within the statute of limitations).

Defendants argue that plaintiff's efforts to locate his former counsel and secure new counsel have "no bearing on the diligence analysis," asserting that New York's Appellate Division has found such considerations to be irrelevant to relation-back analysis under § 1024. Defs.' Reply at 4 (citing Fountain v. Ocean View II Assocs, 701 N.Y.S.2d 68 (App. Div. 1999)). Furthermore, defendants argue, regardless of plaintiff's difficulties prior to retaining Mr. Reyes, Mr. Reyes still had adequate time between January 7, 2015, the date of his retainer agreement, and January 31, 2015, the date on which the limitations period expired, to pursue identification of the John Doe defendants. Id.

Finally, defendants argue that contrary to plaintiff's assertion that he made "expeditious use of the pretrial discovery process," plaintiff in fact made "no use of the Court or its discovery processes to identify the officers." Id. Defendants also point out that plaintiff's use of the

discovery produced as a result of *Magistrate Judge Reyes'* actions took place entirely after the statute of limitations had already run. Id. at 5.

To be sure, plaintiff and his counsel could have collectively exhibited a greater degree of diligence than appears on the record before the Court. The relevant question here, however, is whether they nevertheless displayed enough diligence to satisfy § 1024's diligence requirement, and on that question, the Court concludes that the balance tips in plaintiff's favor.

The reality is that the present situation is primarily of Mr. Mitchell's making—not plaintiff's or Mr. Reyes'—and plaintiff and Mr. Reyes did make *some* effort to remedy the situation and identify the Individual Defendants prior to the running of the statute of limitations. Plaintiff may have waited until the eleventh hour, but he did eventually recognize the problem caused by Mr. Mitchell and attempt to fix it. And Mr. Reyes may reasonably have concluded that by the time he came onboard, the only realistic hope he had of obtaining the Individual Officers' identities prior to the running of the statute of limitations was securing Mr. Mitchell's case file. Therefore, while a close call, the Court finds that plaintiff has met the diligence requirement of § 1024.[7]

2. *Notice*

Section 1024 requires not only that plaintiff exercise due diligence, but also that plaintiff "describe the John Doe part[ies] 'in such form as will fairly apprise the part[ies] that [they are] the intended defendant[s].'" Hogan, 738 F.3d at 19 (quoting Bumpus, 883 N.Y.S.2d at 104). Plaintiff argues that he meets this requirement because the NOC and the Original Complaint

---

[7] The Court also notes that it has trouble envisioning how defendants have been meaningfully prejudiced here. The City, having received the NOC just months after the incident, could have readily identified the officers involved should it have chosen to do so, and the Individual Officers were named only months after the Original Complaint was timely filed.

described the date, general location,[8] and nature of the alleged incident. Pl.'s Mem. at 14-16. Plaintiff argues, "It being rare that the police's arrest of an individual would result in such severe physical injuries [as to cause the arrestee to be taken directly to Woodhull Hospital], even the most modest City inquiry into the incident at the 79th Precinct in response to Plaintiff's April 27, 2012 NOC or this lawsuit would undeniably alert the responsible officers to the fact that they were the ones involved." Id. at 15.

Defendants respond that "[t]here was simply no way for the City to be on notice of who plaintiff was attempting to sue and no way the officers themselves could have known." Defs.' Reply at 5. In addition to this exaggerated comment, defendants note the following: plaintiff's Original Complaint "failed to identify the [specific] location of the incident or the approximate time of occurrence"; "plaintiff asserted that he was arrested, which turned out not to be the case"[9]; to the extent the Court will consider the NOC even though it is outside of the pleadings, "different officers were named in the [NOC] than were named in the [Second Amended Complaint]"; plaintiff's Original Complaint was filed under the name "Sean Dancy," whereas the NOC and Dancy II were filed under the name "Curtis Dancy"; and plaintiff's Original Complaint did not include a physical description of the Individual Defendants. Id. at 5-6; Defs.' Mem. at 6-7.

---

[8] The Original Complaint stated that plaintiff resided at 14 Alice Court, Brooklyn, New York, and that the incident occurred "in the neighborhood." Original Complaint ¶¶ 8, 10-11. The complaint in Dancy II provided a more specific location, stating that the incident occurred at 37 Kingston Avenue, Brooklyn, New York 11213. Compl. ¶ 16, Dancy II, ECF No. 1.

[9] In an April 24, 2015, letter request for an extension of time to answer or otherwise respond to the complaint, defense counsel noted that since "plaintiff was not . . . arrested in connection with the incident alleged in the complaint . . . there is no arrest report to assist [defense counsel] with identifying the police officers involved, and [defense counsel's] investigation into the incident is taking longer than usual." Letter from Rhiana Swartz to Magistrate Judge Reyes at 2, April 24, 2015, ECF No. 10.

13

The complaint specified the date, general location, and specific sequence of events of the alleged incident—which were, presumably, fairly unusual, given that plaintiff was taken by ambulance directly to Woodhull Hospital without having been arrested or the victim of assault by some known or unknown assailant—and plaintiff clearly conveyed his intent to sue all of the police officers involved. See Kennedy v. City of New York, No. 12-cv-4166 (KPF), 2015 WL 6442237, at *5 (S.D.N.Y. Oct. 23, 2015) ("Courts have found that where a plaintiff provides specific contextual information, that may satisfy the description requirement of C.P.L.R. 1024."). Also, the complaint in Dancy II, of which this Court may take judicial notice, see, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969), identified the specific location of the incident and provided the last name of defendant Williams. See Compl. ¶¶ 8, 16, Dancy II, ECF No. 1. Furthermore, as plaintiff points out, some details, such as physical descriptions of the officers, are missing in part due to the Individual Defendants' alleged conduct. See Pl.'s Mem. at 17 (noting that "[d]efendants remarked aloud, apparently with relief, that their treatment of [p]laintiff would not be captured by video cameras," and that "at some point during the beating, [p]laintiff lost consciousness" and defendants put a bag over his head).

Given all this, the Court finds that the balance again tips in plaintiff's favor. The Court finds that plaintiff has met both the diligence and notice requirements of § 1024 and is entitled to relation back under that provision and Rule 15(c)(1)(A), and plaintiff's claims against the Individual Defendants are therefore not time-barred.

II. <u>Adequacy of Pleading</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing the complaint, this Court "accept[s] all well-pleaded

14

allegations in the complaint as true and draw[s] all reasonable inferences in the plaintiff's favor." Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n, 768 F.3d 183, 191 (2d Cir. 2014) (quoting Bigio v. Coca-Cola Co., 675 F.3d 163, 169 (2d Cir. 2012)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, where plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570.

In a single paragraph, defendants argue that "[e]ven if the [Second Amended Complaint] did relate back to the timely prior-filed complaints, dismissal would still be appropriate because plaintiff has not adequately alleged personal involvement by the officers." Defs.' Mem. at 5. In support, defendants cite McCoy v. Goord, 255 F. Supp. 2d 233 (S.D.N.Y. 2003), and argue that "[w]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Defs.' Mem. at 5 (quoting McCoy, 255 F. Supp. 2d at 258).

In McCoy, however, the plaintiff "d[id] not plead any facts to suggest that the[] defendants were personally aware of or involved in any of the alleged constitutional violations." McCoy, 255 F. Supp. 2d at 258. Here, by contrast, plaintiff alleges "that the three Individual Defendants were present, personally aware of *and* involved in the described acts." Pl.'s Mem. at 21 (emphasis in original); see also Second Amended Complaint ¶¶ 5-8, 10-28. And while "[a] Section 1983 [p]laintiff ordinarily must describe each individual defendant's involvement in a constitutional violation . . . an alleged victim of group police violence . . . [r]easonably . . . may

15

not know the names of the specific officers who struck blows or wrestled her to the ground." Humbach v. Canon, No. 13-cv-2512 (NSR), 2014 WL 6057703, at *6 (S.D.N.Y. Nov. 12, 2014). As such, defendants' argument that plaintiff has not adequately alleged the personal involvement of the Individual Defendants is without merit.

## CONCLUSION

Plaintiff has withdrawn his claims against the City and the NYPD. With regard to plaintiff's claims against the Individual Defendants, the Court finds that Plaintiff has met the requirements of C.P.L.R. § 1024. Thus, the Second Amended Complaint relates back to the date of the Original Complaint under Rule 15(c)(1) and is not time-barred. The Court also finds that plaintiff has adequately alleged the personal involvement of the Individual Defendants. As such, the Court denies defendants' motion to dismiss with respect to plaintiff's claims against the Individual Defendants.

Dated: Brooklyn, New York
October 28, 2016

s/ RJD
RAYMOND J. DEARIE
United States District Judge