

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KAITLIN FITZGIBBON
Assistant Corporation Counsel
Phone: (212) 356-5057
Fax: (212) 356-3559
Email: kfitzgib@law.nyc.gov

August 2, 2017

**BY ECF**
Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Dancy v. Williams et al.,</u> 15-cv-432 (RJD) (RER)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter on behalf of defendants Dumelle, Williams and Kornbluth. Defendants write in opposition to plaintiff's July 26, 2017 letter requesting that defendants be ordered to produce (i) personnel files and disciplinary records; (ii) aided reports, exposure reports and medical records; (iii) 911 calls; (iv) the DA file for William Brown Jones; and (v) memo books and identities of officers working sector 79D.

        By way of background, plaintiff's Second Amended Complaint alleges, *inter alia*, that on January 31, 2012, the police used excessive force to handcuff plaintiff before transporting him to Woodhull Hospital. (<u>See</u> Docket Entry No. 13).

**<u>Production of Personnel Files and Disciplinary Records</u>**

        On July 12, 2017, defendants provided plaintiff with defendants Williams, Dumelle and Kornbluth's performance evaluations and disciplinary records, including their CCRB, IAB, and CPI resumes revealing both substantiated and unsubstantiated disciplinary summaries occurring up to ten years prior to the incident, involving allegations similar in nature to the underlying incident and allegations relevant to truthfulness.

        Plaintiff's request to compel the disclosure of "CCRB and IAB investigative files relating to force incidents, subsequent NYPD and Department Advocate's Office files imposing related sanctions, and the resolutions of federal and state force lawsuits against the Defendants,"

should be denied. (See Docket Entry No. 47 at 1). As an initial matter, plaintiff's counsel inaccurately alleges that the undersigned "unexpectedly announced" on the eve of the defendant officers' depositions that defendants would not be producing underlying disciplinary files. (See Id. at 1-2). To the contrary, during two meet and confers that took place before the filing of plaintiff's instant motion, the undersigned made it clear that defendants only agreed to turn over redacted copies of defendants IAB, CCRB and CPI resumes. From the outset of discovery, defendants objected to plaintiff's requests for the full underlying files as they are not proportional to the needs of the case. Plaintiff's counsel would now have the Court believe that the undersigned is engaging in surprise tactics that have postponed the course of discovery, when that not the case.

Second, to the extent that plaintiff is moving to compel "subsequent NYPD and Department Advocate's Office files imposing related sanctions," this motion to compel is plaintiff's first request for such records and, therefore, he should not be entitled to such records at this late stage nor is a first request by way of a motion to compel proper. Indeed, such tactic is in clear violation of Local Civil Rule 26.4, Federal Rule of Civil Procedure 37(a)(1) among others and therefore plaintiff's request should be denied. In any case, defendants submit that there is nothing responsive to this request.

With respect to plaintiff's requests for production CCRB and IAB investigative files relating to force incidents, plaintiff fails to establish the relevancy or proportionality of production of these files. Plaintiff's July 26, 2017 letter fails to establish that production of the underlying CCRB files are relevant or proportional to the needs of the case. As shown in defendants Williams, Dumelle and Kornbluth's CCRB resumes, none of the excessive force allegations investigated in the CCRB files plaintiff seeks were substantiated. As shown on defendants Williams, Dumelle and Kornbluth's IAB resumes, there are no allegations of excessive force that have been investigated by the IAB, either substantiated or unsubstantiated, that predated the incident by more than ten years or which occurred subsequent to the incident. Furthermore, obtaining and producing complete files of investigations is burdensome, and plaintiff fails to show why the burden associated with obtaining and producing these files are justified by the needs of the case. Thus, plaintiff's motion to compel defendants to produce the full underlying IAB or CCRB files should be denied.

**Production of Aided and Exposure Reports, and Medical Records**

Plaintiff requests the production of computerized aided reports, exposure reports, and medical records relating to defendants' injuries. As an initial matter, plaintiff's counsel is aware that there are only responsive documents to this request as it relates to defendants Dumelle and Williams. To that end, defendants have not objected to producing these records once they are received. Plaintiff's counsel is also aware that the undersigned did not received HIPPA releases from defendants Dumelle and Williams until mid-June and that the medical records were requested as soon as the releases were received. Furthermore, defendants Dumelle and Williams' exposure reports have also been requested and will be produced should responsive information be located. Accordingly, plaintiff's motion to compel production of defendant Dumelle and Williams' medical records and exposure reports should be denied as moot.

As for the computerized aided reports for defendants Dumelle and Williams, defendants produced the hand-written aided reports on December 6, 2016 and submit that the computerized versions of the same contain no new information that will lead to the discovery of admissible evidence. To ask defendants to produce computerized aided reports when plaintiff is already in possession of the hand-written aided report would be duplicative and a waste of limited resources. Moreover, plaintiff's counsel did not call for the production of the computerized aided reports or confer with the undersigned regarding the same before filing his motion to compel, in violation of Local Civil Rule 26.4, Federal Rule of Civil Procedure 37(a)(1). and, For all these reasons, plaintiff's motion to compel the computerized aided reports should be denied.

As for the aided reports relating to plaintiff, defendants are still searching for documents responsive to this request. Plaintiff's counsel is aware that defendants have requested plaintiff's aided report and that defendants have agreed to produce the same should responsive information be located, and accordingly, plaintiff's motion to compel plaintiff's aided report should be denied as moot.

**Production of 911 Calls**

Plaintiff calls for the production of the audio recording of the 911 call relating to this incident. As correctly stated in plaintiff's motion, the 911 audio was purged by its custodian in the ordinary course of business several months after the call was made. The 911 audio is not currently within defendants' possession, custody or control. Plaintiff's counsel contends that because a CCRB complaint was filed within three weeks of the incident, CCRB was obligated to preserve all evidence, including the 911 audio. At the outset of this litigation, the CCRB investigation file relating to this incident—including all media and audio files related to the investigation—was requested by this Office. The same was produced on December 6, 2016, and since the CCRB investigation file does not include 911 audio, it appears that it was not timely preserved by CCRB. CCRB is an independent agency, not within defendants' control and thus, defendants cannot be faulted for CCRB's failure to preserve 911 audio.

Plaintiff's counsel further contends that because a Notice of Claim was filed within 90 days of the incident, the New York City Comptroller's Office was obligated to preserve the 911 audio. Upon information and belief, it is not the practice of the New York City Comptroller's Office to preserve 911 audio when a Notice of Claim is filed. To place such an obligation on the Comptroller's office would mean that their office would be obligated to preserve all calls from 911, 311 etc. whenever a notice of claim is filed against the City of New York, which places an undue burden on a municipal agency with limited man power and resources. Additionally, defendants submit that plaintiff and plaintiff's counsel were in an equal or better position to timely preserve the 911 audio as they were filing CCRB complaints and Notices of Claim with an eye towards litigation when the call would still have been available. Accordingly, plaintiff's motion to compel the 911 audio should be denied.

**Production of DA file for William Brown Jones**

Defendants have agreed to produce the DA file for William Brown Jones. Despite the fact that defendants dispute how this file is relevant to any claims or defenses in this action, this file has been requested and will be produced should any responsive information be located. Upon information and belief, the file had been archived by the District Attorney's Office and therefore, this Office was informed in March 2017 that it would take 8-12 weeks to be located. To date, the undersigned has not received this file, and as plaintiff's counsel is aware, follow-up requests have been made and the undersigned anticipates receiving this file shortly. As such, defendants submit that plaintiff's motion to compel production of the DA file should be denied as moot.

**Memo Books and Identities of Officers working Sector 79D**

Plaintiff calls for the production of the identities of the officers who were assigned to work Sector 79D on the date of the incident, along with their memo books. Plaintiff has made no showing with respect to what, if any, useful information these officers may possess or as to why the identities of these officers is relevant to any claims or defenses in this action. The identities of the officers known to be present at the scene of the incident have already been provided to plaintiff throughout discovery. To identify the officers working sector 79D at this late stage in the litigation, more than five years after the incident, is unduly burdensome and unlikely to lead to the discovery of admissible evidence. However, in an effort to avoid judicial intervention, defendants have been working diligently to identify these officers to no avail. Should their identities be ascertained the same will be produced to plaintiff, however, in light of the foregoing, defendants submit that plaintiff's motion to compel the identities of the officers in sector 79D should be denied.

**Plaintiff counsels' Abuse of the Discovery Process and Judicial Resources**

The sole issue in this case is whether the police used excessive force to handcuff plaintiff before transporting him to Woodhull Hospital. The discovery that plaintiff seeks in his motion to compel is not relevant to the claims and defenses in this action nor is it proportional to the needs of the case, and will place an undue burden upon defendants. Furthermore, as plaintiff's counsel continues to fish for irrelevant discovery in a very simple case, he is racking up fees in bad faith, and ,in turn, making it increasingly more difficult for the parties to resolve this matter.

Indeed, the undersigned must bring to Your Honor's attention that during the July 20, 2017 deposition of plaintiff, it was revealed that plaintiff's counsels have not relayed *any* of defendants' settlement offers to their client. This failure to relay settlement offers is not only unethical and tantamount to malpractice, but has wasted judicial resources and has cost plaintiff money as his attorneys continue to churn attorneys' fees when this case could have been resolved months ago. As Your Honor is aware, the parties requested a settlement conference in March 2017 while defendants' Rule 68 Offer of Judgment was still pending in an attempt to resolve the case globally. (See Docket Entry No. 46). However, it is now clear that that settlement conference was a waste of the defendants' and the Court's time, as plaintiff, himself, was not

4

aware of the pending Rule 68 and plaintiff's counsels was not communicating any of defendants' global settlement offers to their client.  Defendants are currently waiting to receive plaintiff's deposition transcript before making a formal motion with respect to this issue.  Once the transcript is received, the undersigned anticipates including portions of plaintiff's deposition testimony in said motion in order to fully illustrate the troubling nature of this revelation for Your Honor and to seek appropriate sanctions.

In light of the above, defendants respectfully request that the Court deny plaintiff's July 26, 2017 letter application.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Kaitlin Fitzgibbon
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     **BY ECF**
        Ryan Lozar, Esq.
        Richard Reyes, Esq.
        *Attorneys for Plaintiff*